**SECURITY STATE BANK,**
**Appellant–Plaintiff,**

v.

**Samuel H. WASHBURN,**
**Appellee–Defendant.**

**No. 04A04–9406–CV–227.**

Court of Appeals of Indiana.

May 12, 1995.

Roger Wm. Bennett, Bennett, Boehning, Poynter & Clary, Lafayette, for appellant.

Cynthia Phillips Smith, Holder and Davis, Lafayette, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff Security State Bank (Security) appeals from a judgment granted in favor of appellee-defendant Samuel H. Washburn on Security's complaint to enforce a foreign judgment. The facts relevant to the appeal are summarized below.

Washburn, a resident of Indiana, was an organizer and a member of the Board of Directors of Iowa Life Insurance Company, and United Iowa Corporation, its subsidiary (collectively "company"). Both are located in

Iowa. He also owned fifty thousand shares of corporate stock in the company.

Within his duties as a board member, Washburn attended the company's quarterly board meetings in Des Moines, Iowa. During one such meeting, Washburn met Security's chairman who was also a board member of the company. Subsequently, Washburn secured a loan from Security using his shares in the company. When Washburn defaulted on the loan, Security filed a complaint against him in the Chicasaw County, Iowa District Court seeking recovery on the loan.

Washburn appeared in Iowa to defend Security's claim alleging *inter alia* Iowa's lack of personal jurisdiction over him. The Iowa trial court conducted a hearing on the jurisdictional issue and found personal jurisdiction to exist. Security later received a money judgment against Washburn. Washburn then initiated an appeal in Iowa to contest the trial court's holding on the jurisdictional issue. However, he later voluntarily dismissed his appeal.

In April 1993, Security sought enforcement of the money judgment in Indiana by filing a Complaint on Foreign Judgment in the Benton Circuit Court, in Benton County, Indiana. Subsequently, Security filed a motion for summary judgment. In support of its motion, Security designated the order of judgment of the Iowa court, along with other materials. Washburn answered the motion alleging once again Iowa's lack of personal jurisdiction. In support of his argument, Washburn included his affidavit.[1] After conducting a hearing and finding there to be an issue of material fact regarding Iowa's jurisdiction, the trial court denied Security's motion for summary judgment.

Thereafter, the trial court conducted another hearing, this time on the specific issue of Iowa's jurisdiction. The trial court agreed with Washburn that Iowa lacked jurisdiction

---

1. It is plainly evident that Washburn's affidavit is wholly inadequate. Without reference to any facts whatsoever, Washburn's affidavit merely announces his belief that the Iowa court did not have jurisdiction over this matter, that the Benton Circuit Court should not give full faith and credit to such decision due to fraud and lack of

personal jurisdiction, and that there are material facts, albeit undisclosed by Washburn, left to be resolved in this dispute. We invite Washburn and his counsel to review Ind. Trial Rule 56(E) governing the proper use and contents of affidavits in summary judgment proceedings.

over him and denied Security relief on its complaint. This appeal ensued.

■ Security raises one issue on appeal which we restate as: whether the trial court erred in denying full faith and credit to Iowa's judgment against Washburn.

■ Review of a ruling on summary judgment requires this Court to implement the same standard used by the trial court. This Court must liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. Where material facts are not in dispute, the issue is the application of the law to the facts. *Fidelity Financial Services v. Sims* (1994), Ind. App., 630 N.E.2d 572, 574.

Security claims the trial court went beyond its permissible scope in reviewing Iowa's finding of personal jurisdiction over Washburn. Security cites *Pringle v. Standard Life & Acc. Ins. Co.* (1979), 181 Ind.App. 315, 391 N.E.2d 677, in support of its contention.

In *Pringle*, plaintiffs attempted to collaterally attack in Indiana an Oklahoma court's finding of personal jurisdiction. On appeal, this Court found plaintiffs claim to be barred by the doctrine of *res judicata.* In arriving at its holding, the *Pringle* Court relied on the supreme court case of *Durfee v. Duke,* (1963), 375 U.S. 106, 111–114, 84 S.Ct. 242, 245–247, 11 L.Ed.2d 186, 191–192. In *Durfee,* the supreme court stated,

"[W]hile it is established that a court in one State, when asked to give effect to the judgment of a court in another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the modern decisions of this Court have carefully delineated the permissible scope of such an inquiry. *From these decisions there emerges the general rule that a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.*

\*   \*   \*   \*   \*   \*

After a party has his day in court, with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined. There is no reason to expect that the second decision will be more satisfactory than the first."

*Id.* at 111–114, 84 S.Ct. at 245–247, 11 L.Ed.2d at 191–92 (Emphasis added.).

The Court in *Pringle* reasoned that plaintiffs had twice appeared specially in Oklahoma to contest jurisdiction and were twice overruled, unsuccessfully challenged jurisdiction once more, and then failed to take advantage of an appeal in Oklahoma. Based on these facts and relying upon the mandate of *Durfee,* the *Pringle* Court found that because the jurisdictional issue had been fully and fairly litigated in Oklahoma, the decision of the Oklahoma court was entitled to full faith and credit and plaintiffs' claim in Indiana was barred. *Pringle,* 391 N.E.2d at 684.

Similar to the plaintiffs in *Pringle,* Washburn specially appeared in Iowa to litigate the issue of jurisdiction. With its motion for summary judgment, Security designated the order of the Iowa trial court which includes specific findings of fact and conclusions of law regarding its jurisdiction over Washburn. Washburn concedes that the issue of personal jurisdiction was fully and fairly litigated in Iowa. Further, when his objection to jurisdiction was overruled by the Iowa court, he initiated an appeal but later abandoned it.

The issue of jurisdiction being fully and fairly litigated by Iowa, there is no reason to second-guess Iowa's valid findings and conclusion on this issue. It would not be reasonable to assume that an Indiana trial court is in any better position to determine the facts of this case and to apply them to Iowa law or that the trial court's analysis on this issue was any more satisfactory than the one rendered by the Iowa court. Under the reasoning of *Durfee* and *Pringle,* Washburn received sufficient opportunity to contest the issue of personal jurisdiction in Iowa. To

allow Washburn to now collaterally attack that court's jurisdiction and to allow him to challenge an issue validly decided in Iowa would undoubtedly be in violation of Article IV, Section 1 of the Constitution of the United States which mandates that Indiana courts give full faith and credit to valid decisions of sister states. There being no dispute as to the material facts, the trial court erred as a matter of law in failing to give full faith and credit to the Iowa judgment and denying Security relief on its complaint. Consequently, the decision of the trial court is reversed.

Reversed.

STATON and GARRARD, JJ., concur.