NORTHERN INDIANA COMMUTER
TRANSPORTATION DISTRICT,
Appellant–Plaintiff,

v.

CHICAGO SOUTHSHORE AND SOUTH
BEND RAILROAD, Appellee–
Defendant.

No. 46A03–9506–CV–187.

Court of Appeals of Indiana.

June 11, 1996.

Michael C. Harris, Harris, Welsh & Lukmann, Chesterton, for Appellant.

Stanley C. Fickle, Peter J. Rusthoven, Anne N. Deprez, Todd Vare, Barnes & Thornburg, Indianapolis, Michael J. Daley, Gregory C. Ward, Nisen & Elliott, Chicago, IL, for Appellee.

## ON REHEARING

BAKER, Judge.

Appellee-defendant Chicago Southshore and South Bend Railroad (Southshore) has petitioned for rehearing asking us to set aside the portion of our decision in *Northern Indiana Commuter Transportation District v. Chicago Southshore and South Bend Railroad*, 661 N.E.2d 842 (Ind.Ct.App.1996), in which we overturned a portion of an arbitration award in favor of Southshore. Specifically, Southshore argues that, because the courts in Illinois confirmed the arbitration award on December 20, 1995, before we issued our decision on February 20, 1996, the Illinois judgment is res judicata and is entitled to full faith and credit in the Indiana courts. In addition, Southshore maintains that we erred in addressing the merits of appellant-plaintiff Northern Indiana Commuter Transportation District's (NICTD) complaint.[1]

---

1. Southshore does not seek rehearing of the jurisdictional portion of our opinion in which we determined that the agreement, rather than the situs of the arbitration, controls jurisdiction in this dispute.

*FACTS*

As we stated in our February 20, 1996, decision, an arbitration panel issued an award on August 11, 1994, which provided that Southshore's annual Maintenance of Way (MOW) fee would be twelve percent (12%) of its gross revenues. Because NICTD disputed the award, it filed a complaint, pursuant to the parties agreement, in the LaPorte Superior Court on September 9, 1994, seeking to have the award set aside. Instead of filing an answer, Southshore filed a motion to dismiss arguing that, because the arbitration was held in Illinois, the courts in Illinois had exclusive jurisdiction to review the arbitration award. Southshore also filed a separate action on October 28, 1994, in the Cook County Circuit Court in Illinois seeking to have the arbitration award confirmed. Following a hearing, the LaPorte Superior Court granted Southshore's motion to dismiss on February 22, 1995, holding that it lacked jurisdiction to rule on the merits of NICTD's complaint. NICTD initiated its appeal of the LaPorte Superior Court's decision on March 7, 1995. Then, on March 14, 1995, the Cook County Circuit Court held that it had jurisdiction to confirm the arbitration award.

NICTD filed a petition in the Cook County Circuit Court on April 12, 1995, seeking to modify or vacate the arbitration award. In response, Southshore filed a motion to strike NICTD's petition on April 27, 1995, on the ground that it was not filed, as required by Indiana's Uniform Arbitration Act, within 90 days of the August 11, 1994, arbitration award. The Cook County Circuit Court granted Southshore's motion to strike NICTD's petition on September 6, 1995. Then, while NICTD's appeal was pending before this court, the Cook County Circuit Court confirmed the arbitration award on December 20, 1995.

*DISCUSSION AND DECISION*

*I. Full Faith and Credit*

■ On rehearing,[2] Southshore maintains that, because the Illinois court confirmed the

arbitration award on December 20, 1995, before we issued our decision on February 20, 1996, the Illinois judgment is res judicata and is entitled to full faith and credit in the Indiana courts. The United States Constitution requires that "Full Faith and Credit shall be given in each State to the ... judicial Proceedings of every other State."[3] Full faith and credit thus generally requires every State to give to a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it. *Durfee v. Duke*, 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186 (1963). In *Durfee*, the Supreme Court stated:

> [W]hile it is established that a court in one State, when asked to give effect to the judgment of a court in another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the modern decisions of this Court have carefully delineated the permissible scope of such an inquiry. From these decisions there emerges the general rule that a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.
>
> .   .   .   .   .
>
> After a party has his day in court, with the opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined. There is no reason to expect that the second decision will be more satisfactory than the first.

*Durfee*, 375 U.S. at 111, 114, 84 S.Ct. at 245, 246; *see also Security State Bank v. Washburn*, 650 N.E.2d 74, 76 (Ind.Ct.App.1995).

■ Here, the LaPorte Superior Court granted Southshore's motion to dismiss on February 22, 1995, holding that it lacked jurisdiction to rule on the merits of NICTD's complaint. NICTD appealed the LaPorte Superior Court's decision to this court on March 7, 1995, and the Cook County Circuit

---

**2.** We heard oral argument on the Appellee's Petition for Rehearing on May 21, 1996, in Indianapolis.

**3.** U.S. Const., Art. IV, § 1.

Court accepted jurisdiction to confirm the arbitration award on March 14, 1995. Because NICTD had already filed its appeal of the Indiana trial court's decision with this court at the time the Illinois court accepted jurisdiction to confirm the arbitration award, the issue regarding jurisdiction had not been fully and fairly litigated and finally decided in Indiana. Thus, we believe that the proper course of action would have been for the Illinois court, as the second court, to stay its proceedings pending the outcome of this appeal.[4] Nevertheless, because the Illinois court, as the second court, accepted jurisdiction before the issue regarding jurisdiction had been fully and fairly litigated and finally decided in the Indiana courts, we are not required to give full faith and credit to the Illinois decision to confirm the arbitration award.[5]

## II. Due Process

■ Next, Southshore maintains that we erred in addressing the merits of NICTD's complaint. Specifically, Southshore maintains that, because it did not have the opportunity to respond to NICTD's complaint, our decision denied it the right to due process and in essence directed an entry of default against it. In our original decision, we determined that Indiana retained jurisdiction to review the arbitration award. Although we recognized that we would normally remand the cause to the trial court to give Southshore an opportunity to respond to NICTD's complaint, we decided, in the interest of judicial economy, to address the merits of NICTD's complaint. We did so because NICTD's complaint presented an issue of contract interpretation, which is a question of law to be determined by the court. *Northern Indiana Commuter Transportation District*, 661 N.E.2d at 847. In hindsight, we acknowledge that the better practice would have been to remand the cause to the trial court. However, because we did not do so,

we must now determine whether Southshore was prejudiced by our decision.

On rehearing, Southshore maintains that it was prejudiced by our decision because, had it been given the opportunity to respond to NICTD's complaint, it would have presented the following arguments:

> Southshore was not given the opportunity to offer evidence—presented to the arbitrators—that, because the 12% figure in section 3.2(a) of the Agreement, to be applied in 1990 and "[t]hereafter" (R. 31), is a percentage of gross revenues, not an absolute figure, it automatically allows for inflation-based maintenance charge increases.... Southshore was similarly denied the opportunity to present the arbitration testimony of its expert witness that the 12% figure in the Agreement already provides NICTD the richest trackage rights package in the country. Southshore was further denied opportunity to present the evidence—heard by the arbitrators—of extrinsic facts that themselves create an ambiguity in section 3.2(a) of the Agreement. *See Peter C. Reilly Trust v. Anthony Wayne Oil Corp.*, 574 N.E.2d 318, 320 (Ind.App.1991) ("[I]f the ambiguity [in a contract] arises because of extrinsic facts and a genuine issue exists as to those facts, summary judgment is inappropriate."). Southshore was denied the opportunity to assert—as it had in the arbitration—a counterclaim for reformation on the grounds of mistake, in the event the language of the Agreement was construed as providing for adjustments in the 12% of gross revenues figure.

Appellee's Brief on Rehearing at 16.[6] Although we recognize that Southshore was denied the opportunity to respond to NICTD's complaint, we now know that, had Southshore been given the opportunity to respond in the fashion it stated above, it could not have successfully raised these argu-

---

4. The Illinois court denied NICTD's motion to stay the Illinois proceedings pending the resolution of this appeal. Appellant's Brief on Rehearing at 3.

5. NICTD cites *Jones v. City of Alton, Ill.*, 757 F.2d 878 (7th Cir.1985) and *Downing v. Chicago Transit Authority*, 642 N.E.2d 456 (Ill.1994) for the proposition that we are not required to give the Illinois judgment full faith and credit because

it was not a judgment on the merits. However, because of our resolution of this issue, we need not address this argument further.

6. Southshore also argues that, had we remanded the cause to the trial court with instructions for it to reinstate NICTD's complaint, it could have raised res judicata as a defense in its answer asserting that the LaPorte Superior Court was required to give full faith and credit to the Illi-

ments before the LaPorte Superior Court. Here, section 16.7 of the parties' Agreement provided:

> The decision of a majority of the three arbitrators shall be final and conclusive between the parties, except that if either party claims that the arbitrators' decision is based upon an error at law it may, within thirty days after receipt of such decision, institute an action at law within the State of Indiana to determine such legal issue. In any such action at law, the parties shall stipulate the facts to be as set forth by the arbitrators.

R. at 145–46. Thus, the parties could only challenge the arbitration panel's decision as being contrary to law. In all other respects, the parties' Agreement provided that the decision of the arbitration panel was final and conclusive between the parties, including any factual determinations made by the panel. Here, as we noted above, Southshore concedes in its brief on rehearing that it would have attempted to relitigate the factual evidence that had been presented before the arbitration panel, which is specifically prohibited by the parties' Agreement. Thus, Southshore would have been precluded from raising and arguing these factual questions before the LaPorte Superior Court. As a result, although Southshore was precluded from filing an answer to NICTD's complaint by our attempt at judicial economy, Southshore was not prejudiced or denied due process of law, as the only question reserved by either party for judicial review was the interpretation of section 3.2(a) of the Agreement. As a matter of law, the trial court would have been required to grant NICTD's motion to dismiss, as Southshore was precluded from relitigating any factual questions.

Therefore, Southshore's petition for rehearing is denied and our original decision is confirmed.

NAJAM and DARDEN, JJ., concur.

nois judgment. However, as we determined above, the Illinois judgment is not entitled to full faith and credit in this instance. Thus, Southshore was not prejudiced because it was not permitted to raise a defense upon which it could not have prevailed.