**Dawayne DAVIS and Kimberly Davis, individually and as husband and wife, Appellants–Plaintiffs,**

v.

**CENTRAL RENT–A–CRANE, INC., et al., Appellees–Defendants.**

No. 56A03–9507–CV–246.

Court of Appeals of Indiana.

April 16, 1996.

Daniel Ostojic, Sarkisian & Ostojic, P.C., Portage, for Appellants.

Harold Abrahamson, Abrahamson Reed & Adley, Hammond, Hugh C. Griffin, C. Kevin McCabe, Stephanie A. Burris, Lord, Bissell & Brook, Chicago, Illinois, for Appellees.

## OPINION

STATON, Judge.

Dawayne Davis ("Davis") and Kimberly Davis appeal a grant of summary judgment in favor of Rick Cole ("Cole") and Central Rent–A–Crane, Inc. ("Central"). Davis presents one issue for our review which we restate as follows: did the trial court err in determining that Davis' claim was barred by the exclusivity provision of the Worker's Compensation Act.

We reverse and remand with instructions to dismiss for lack of subject matter jurisdiction.

Davis was the foreman at a site where steel storage tanks were being dismantled. He was injured when he was struck by a piece of steel suspended from a crane. Davis' employer, Brandenberg Industrial ("Brandenberg") leased a crane, crane operator and oiler from Central to assist in dismantling the tanks. Under the terms of the lease, Central supplied the crane and crane operator. However, Brandenberg and its employees supplied the hooks and chains used by the crane. In addition, Brandenberg employees directed Cole and determined which loads he lifted and how he lifted them. Cole could refuse to perform any acts he believed were dangerous and Brandenberg employees could stop Cole if they thought his actions were improper. Brandenberg did not pay Cole directly but instead paid Central for the amount of work he performed. Finally, if Brandenberg was dissatisfied with Cole's performance, they could discharge him.

■ We note at the outset that a motion for summary judgment is inappropriate for raising the exclusivity provision of the Worker's Compensation Act (the "Act")[1] as a defense because it is an attack on the court's subject matter jurisdiction. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind.1994), *reh. denied.* Summary judgment cannot be rendered by a court without jurisdiction. *Id.* Instead, the defense should be raised as an affirmative defense in the answer or by a motion to dismiss pursuant to Ind. Trial Rule 12(B)(1). *Id.* Thus, the motion for summary judgment shall be treated as a motion to dismiss for lack of subject matter jurisdiction. *Id.*

■ When determining whether the claim should be dismissed for lack of subject matter jurisdiction, the trial court may consider the pleadings, affidavits, and any other evidence submitted. *Perry, supra,* at 1287. In addition, the court may weigh the evidence to determine the existence of the req-

uisite jurisdictional facts and resolve factual disputes. *Id.* at 1286–87.

■ Normally, the burden falls upon the party opposing jurisdiction to prove that the court does not have jurisdiction. *Perry, supra,* at 1287. However, public policy favors the inclusion of employees within the scope of the Act. *Id.* Thus, in a case involving an employee, once the defendant raises the issue of the exclusivity of the Act, the burden shifts to the employee to prove that the claim falls outside the scope of the Act. *Id.* When reviewing the trial court's determination that it lacks subject matter jurisdiction, we will affirm the judgment on any theory supported by the evidence of record. *Tapia v. Heavner,* 648 N.E.2d 1202, 1206 (Ind.Ct.App. 1995).

■ Davis contends that his claim against Cole and Central is not barred by the exclusivity provision of the Act because he and Cole were not co-employees.[2] The exclusivity provision does not bar tort claims by an employee against third-parties who are not the employer or a co-employee of the injured party. *Stump v. Commercial Union,* 601 N.E.2d 327, 330 (Ind.1992); *Williams v. R.H. Marlin, Inc.,* 656 N.E.2d 1145, 1150 (Ind.Ct.App.1995). However, if it is determined that Davis and Cole were co-employees, the exclusivity provision bars his claim against Cole. *Williams, supra.* In addition, if his claim against Cole fails, his claim against Central must also fail. An employer cannot be held liable under *respondeat superior* unless a claim can be maintained against the employee. *Riffle v. Knecht Excavating,* 647 N.E.2d 334, 337 (Ind.Ct.App.1995), *trans. denied.*

■ In order for Davis and Cole to be co-employees under the Act, an employer-employee relationship must exist between Cole and Brandenberg. *Williams, supra,* at 1151. The Indiana Supreme Court has established

---

**1.** Ind.Code § 22–3–2–6 (1993).

**2.** Davis alleges that summary judgment is improper because there are disputed issues of material fact concerning whether he and Cole were co-employees. However, as noted above, summary judgment is not the proper method to de-

termine jurisdiction. Instead, this case is to be viewed in the context of a motion to dismiss. The trial judge is permitted "to weigh the evidence and resolve factual disputes." *Tapia, supra,* at 1206.

a seven-part test to determine if such a relationship exists.

> To determine if an employer-employee relationship exists which may subject an employee to the Worker's Compensation Act so as to bar his common law claim against the special employer to whom he was 'loaned,' the following factors have been enumerated: (1) the right to discharge; (2) the mode of payment; (3) supplying tools or equipment; (4) belief of the parties in the existence of an employer-employee relationship; (5) control over the means used in the results reached; (6) length of employment; and (7) establishment of the work boundaries.

*Hale v. Kemp*, 579 N.E.2d 63, 67 (Ind.1991) (citing *Fox v. Contract Beverage Packers, Inc.*, 398 N.E.2d 709 (Ind.Ct.App.1980), *trans. denied*). In determining whether an employer-employee relationship exists between the parties, it is not necessary that all seven factors be present. Instead, if a majority of the factors are present, an employer-employee relationship exists. *Fox, supra,* at 712.

The trial court found that Cole was a borrowed employee and that an employer-employee relationship existed between Cole and Brandenberg. The evidence that supports that finding shows that Brandenberg could discharge Cole if they were unsatisfied with his work; Brandenberg supplied the hooks and chains used by Cole; Brandenberg employees directed and controlled Cole's actions with regard to what loads to lift and how to lift them; and Davis had authority to stop Cole if he saw him doing anything improper with the crane. The only evidence Davis cites which does not support an employer-employee relationship is that Brandenberg did not pay Cole directly, but rather paid Central for his services; and Central provided and maintained the Crane. The fact that Brandenberg did not pay Cole directly does not defeat the employer-employee relationship. *Fox, supra,* at 712. Because the majority of *Hale* factors are present, the

evidence supports the trial court's finding that an employer-employee relationship existed between Cole and Brandenberg and, thus, Davis and Cole were co-employees.[3] We will affirm the trial court's decision on any theory supported by the evidence of record. *Tapia, supra.*

As noted above, Davis' claim against Central is barred also. Central cannot be held liable under *respondeat superior* because a claim cannot be maintained against Cole. *Riffle, supra* at 337.

We reverse the trial court's entry of summary judgment and remand this cause to the trial court with instructions to dismiss for lack of subject matter jurisdiction.

HOFFMAN and BAKER, JJ., concur.

---

**3.** Davis urges us to follow the determination in *Williams, supra,* that an injured worker was not a co-employee of a crane operator. The *Williams* Court reached a different result after applying the same law because the injured worker was an employee of another subcontractor. The general contractor, rather than the injured employee's employer, directed and controlled the crane operator. *Id.* at 1152–53.