Michelle COLE as Personal Representative of the Estate of Jane F. Doe,

And

Jane I. Doe, Appellants–Plaintiffs,

v.

SHULTS-LEWIS CHILD AND FAMILY SERVICES, INC., Appellee–Defendant.

No. 64A05–9510–CV–400.

Court of Appeals of Indiana.

March 18, 1997.

Gregory Bowes, Indianapolis, for Appellant.

Mark A. Lienhoop, David P. Jones, Newby, Lewis, Kaminski & Jones, LaPorte, for Appellee.

## OPINION

RUCKER, Judge.

This is an appeal from the trial court's grant of summary judgment in favor of a social services agency. The plaintiffs are two women who had been victims of child sexual abuse while in the agency's custody. Plaintiffs contend the trial court's grant of summary judgment is erroneous. We affirm in part and reverse in part.

### Background

This is the second time this case has come before us. On the first occasion the trial court denied Shults–Lewis' motion for summary judgment and we affirmed. *See Shultz–Lewis Child & Family Servs. v. Doe,* 604 N.E.2d 1206 (Ind.Ct.App.1992), *reh'g denied,* (hereafter referred to as *"Shultz I"*). Shults–Lewis then filed a petition to transfer which our supreme court granted. *See Shultz–Lewis Child & Family Servs. v. Doe,* 614 N.E.2d 559 (Ind.1993) (hereafter referred to as *"Shultz II"*). In so doing the supreme court remanded the case to the trial court with instructions to set aside its order of summary judgment and to reconsider its ruling in light of the court's recent decision in *Fager v. Hundt,* 610 N.E.2d 246 (Ind. 1993). On remand the parties conducted additional discovery after which Shults–Lewis again filed a motion for summary judgment. On this occasion the trial court granted the motion and the plaintiffs now appeal.

### Statement of Facts [1]

The essential facts are these. Defendant/Appellant Shults–Lewis Child & Family Services, Inc., (Shults–Lewis) is an Indiana not for profit corporation which owns and operates a children's home in Valparaiso, Indiana. In 1960 the State of Indiana placed Jane F. Doe and Jane I. Doe (referred to collectively as Plaintiffs) with Shults–Lewis as wards and residents. Plaintiffs were then ages eight and nine respectively. Jane F. Doe remained in the care and custody of Shults–Lewis from 1960 through 1966, and

---

1. Much of the following recitation of facts is taken nearly verbatim from *Shultz I.* However, because that opinion was vacated we do not cite it as authority nor do we reference it by way of quotation marks. We use this format for the sake of consistency only.

Jane I. Doe remained there from 1960 through 1969.

In 1962 Shults–Lewis hired Rodney Grantham, an ordained minister, as its activities director who remained in the employ of Shults–Lewis until 1967. During his employment Grantham is alleged to have sexually abused and exploited Plaintiffs on numerous occasions, including repeated acts of sexual intercourse. Jane F. Doe alleges he impregnated her when she was twelve years old and, among other things, Jane I. Doe alleges that Grantham impregnated her when she was approximately fourteen years old. Plaintiffs allege Grantham gave them pills containing quinine which caused vomiting, diarrhea and bleeding, and resulted in abortions. Plaintiffs also allege they were sexually abused by Lester Allen, the minister and superintendent of Shults–Lewis who worked at the agency from 1962 to 1966.

Jane F. Doe alleges that the years of sexual abuse and the circumstances under which it occurred caused her to develop symptoms of severe psychological distress, including great shame, embarrassment, guilt, self-blame, denial, depression, and ultimately disassociation from her experiences. She contends that through these coping mechanisms she was unable to perceive or to know that she had suffered damage due to the sexual abuse. In February 1990 Jane F. Doe contends that she was suffering from intense psychological distress, including flashbacks concerning the sexual abuse, sleeping problems, and sexual and marital problems. Jane F. Doe contends that it was then, for the first time, that she began discovering that many of her memories were actually true. Still unsure about the memories, Jane F. Doe alleges that in March 1990 she and her husband met Grantham and Grantham's therapist. During the meeting Grantham admitted sexually abusing Jane F. Doe and giving her medicine that would possibly induce abortion.

Jane I. Doe alleges that the years of sexual abuse caused her to develop severe psychological and physical stress, which manifested itself in the form of depression, asthmatic attacks, nightmares and self-blame. According to Jane I. Doe, she has no independent memory of Grantham engaging her in sexual intercourse. Rather her knowledge that Grantham sexually abused her came in 1990 after talking with Jane F. Doe and other former residents of Shults–Lewis and after Grantham admitted the abuse to her. The knowledge Jane I. Doe gained in 1990 is confirmed by vague memories of circumstances where she was alone with Grantham.

Plaintiffs filed suit in 1990 alleging personal injuries resulting from the sexual abuse occurring in the 1960's. Specifically, Plaintiffs brought claims of sexual battery, clergy malpractice, breach of fiduciary duty, and intentional infliction of emotional distress against Grantham and Allen. Their claims against Shults–Lewis were based on the theories of respondeat superior, negligent hiring, negligent supervision, and negligent retention. Plaintiffs seek compensatory as well as punitive damages. In response Shults–Lewis filed its answer raising the statute of limitations as an affirmative defense. Thereafter Shults–Lewis filed a motion for summary judgment contending Plaintiffs' claims were barred by the statute of limitations. After conducting a hearing the trial court denied the motion and Shults–Lewis pursued an interlocutory appeal. Addressing the sole issue of whether Plaintiffs' claims for personal injury were barred by the statute of limitations, we affirmed the trial court's denial of Shults–Lewis' motion for summary judgment. *See Shultz I.* Shults–Lewis then filed a petition to transfer which our supreme court granted. This court's opinion was vacated, and the supreme court remanded the case to the trial court with instructions to set aside its order of summary judgment and to reconsider its ruling in light of the supreme court's recent decision in *Fager v. Hundt,* 610 N.E.2d 246 (Ind.1993). *See Shultz II.* On remand the parties conducted additional discovery after which Shults–Lewis again filed a motion for summary judgment. After

a second hearing the trial court granted the motion. Plaintiffs now appeal.[2]

## The *Fager* Decision

In *Fager* an adult daughter filed suit against her father for alleged sexual abuse occurring while the daughter was a minor. The complaint was filed approximately 22 years after the alleged abuse occurred and over 15 years after the daughter had become an adult. Responding to father's claim that the two year statute of limitations barred recovery, the daughter asserted that she suffered repressed memory. Specifically daughter testified that her discovery of the sexual abuse was delayed due to impaired cognition or memory loss generated by the trauma she had experienced. *Id* at 249. Addressing an issue of first impression in this state our supreme court first confirmed the validity of the discovery rule.[3] The court observed however that application of the rule is problematic where a cause of action arises from incidents occurring during a plaintiff's minority. Ordinarily a plaintiff is afforded a two year grace period after reaching majority within which to bring an action. *Id.* at 250 *citing* Ind.Code § 34–1–2–5. However, the grace period "is of no avail to the new adult who lacks knowledge of early childhood trauma and injury." *Id.* Although as a general rule the discovery of a cause of action by a child's parent is imputed to the child and constitutes the accrual of an action within the meaning of the statutes, the court determined "this general rule must be subject to an exception when, as in the present case, the plaintiff's claim asserts childhood injury

from the intentional felonious act of the parent." *Id.* at 251. Our supreme court went on to hold that the doctrine of fraudulent concealment is available to estop a defendant from asserting the statute of limitations "when he has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing plaintiff from discovering a potential cause of action." *Fager* 610 N.E.2d at 251 quoting *Burks v. Rushmore,* 534 N.E.2d 1101, 1104 (Ind.1989); *Guy v. Schuldt,* 236 Ind. 101, 138 N.E.2d 891, 894 (1956); *Spoljaric v. Pangan,* 466 N.E.2d 37, 40 (Ind.Ct.App.1984), *trans. denied.* Applying the foregoing rationale to the facts before it, our supreme court observed that in this summary judgment action, other than her own deposition testimony, daughter provided no specific facts showing that her lack of memory resulted from a concealment caused by father's deception or breach of duty. Specifically the court noted:

> The plaintiff submitted no affidavits or depositions of qualified witnesses providing expert opinion to support the scientific validity of repressed memory and to establish that her normal powers of perception and recollection had been obscured by the phenomenon as a result of her father's sexual acts with her.

*Fager,* 610 N.E.2d at 252.

## Discussion

■■■ In the case before us Plaintiffs contend the trial court erred in granting summary judgment in favor of Shults–Lewis.[4]

2. While this appeal was pending, Jane F. Doe died and Michelle Cole was named as personal representative of Doe's estate. The personal representative has filed with this court a motion for substitution of parties pursuant to Ind.Trial Rule 25. The motion is now granted. However the substitution does not change our analysis or the outcome of this appeal.

3. "Our cases clearly recognize that a tort claim accrues and the statute of limitations thus begins to run when the plaintiff knew or, in the exercise of ordinary diligence, should have discovered that an injury had been sustained as a result of the tortious act of another." *Fager,* 610 N.E.2d at 250 (citations omitted).

4. Plaintiffs also argue the trial court erred in denying their motion for partial summary judgment. Therein the Plaintiffs contend Shults–Lewis is liable to them on the theory of responde-

at superior. Plaintiffs' argument is unavailing. Generally, the doctrine of respondeat superior imposes liability upon an employer for the wrongful or tortious acts of an employee committed while the employee was acting in the scope of employment. *Trinity Lutheran Church, Inc. of Evansville, Ind. v. Miller,* 451 N.E.2d 1099 (Ind. Ct.App.1983). The doctrine creates liability for the employer where it would not otherwise exist. *Stump v. Indiana Equipment Co., Inc.,* 601 N.E.2d 398 (Ind.Ct.App.1992), *trans. denied.* However, an employer cannot be held liable under respondeat superior unless the claim can be maintained against the employee. *Davis v. Central Rent–A–Crane, Inc.,* 663 N.E.2d 1177 (Ind.Ct. App.1996). Here, the trial court essentially determined that Plaintiffs' claims could not be maintained against Shults–Lewis, the employer, because the acts of Grantham, its employee, were barred by the statute of limitations. As discussed

Both Plaintiffs argue that additional discovery conducted after remand supports the scientific validity of repressed memory. Further, Jane F. Doe asserts that although she was aware even as a child that Grantham forced her to engage in sexual intercourse, she did not know until 1990 that his conduct was wrong. Jane I. Doe asserts there is at least a disputed question of fact as to whether she knew of Grantham's sexual abuse before 1990.

■ Responding to Plaintiffs' claim that the phenomenon of repressed memory has been established by additional discovery, Shults–Lewis counters the phenomenon is not scientifically reliable. Further, according to Shults–Lewis, the affidavit of Plaintiffs' expert discussing the subject was not properly before the trial court. In response to Shults–Lewis' second motion for summary judgment Plaintiffs filed a memorandum and attached thereto, among other things, the affidavit of Dr. Elgan Baker, a licensed clinical psychologist in the Department of Psychiatry at the Indiana University School of Medicine. The affidavit alleged in relevant part:

> In my opinion, based on clinical studies and anecdotal evidence, and based on studies of analogous traumatic situations such as war, natural disasters, and accidents such as car accidents and burns, I believe it is common for victims of child sexual abuse to dissociate and to depersonalize in response to the trauma associated with their abuse. Dissociation interrupts ones sense of consciousness and is manifested by a sense of "spaciness", by a loss of memory, and/or by episodes of distortion in the person's sense of time or the volitional control of her behavior. Depersonalization distorts the person's sense of identity so that the person feels that the experience is not real or didn't really happen or cannot be accepted or integrated into a conscious sense of self. This dissociation and depersonalization can result in a victim completely or partially repressing all memory associated with the trauma.

*R.* at 313–14. Shults–Lewis did not move to strike the affidavit, nor did it otherwise object to the inclusion of the affidavit as a part of Plaintiffs' response to Shults–Lewis' motion for summary judgment. Rather, in its reply memorandum Shults–Lewis merely indicated the affidavit should not be considered by the trial court because it was untimely. A defective affidavit must be challenged before the trial court by way of a motion to strike or other objection, otherwise any defect is waived. *Paramo v. Edwards,* 563 N.E.2d 595 (Ind.1990); *Avco Financial Serv. v. Metro Holding,* 563 N.E.2d 1323 (Ind.Ct.App. 1990), *reh'g denied.* Because Shults–Lewis did not object to the affidavit or move to strike it the issue of whether the affidavit was properly before the trial court is waived.

■ Apparently in an effort to avoid waiver Shults–Lewis maintains that Dr. Baker's affidavit does not set forth facts sufficient to establish the scientific validity of repressed memory. According to Shults–Lewis there was nothing before the court to demonstrate that Dr. Baker's opinion concerning the theory of repressed memory rests on reliable scientific principles. In support of this position Shults–Lewis directs our attention to Ind.Evidence Rule 702(b) which provides "[e]xpert scientific testimony is admissible only if the court is satisfied that the scientific principles upon which the expert testimony rests are reliable."

■ Shults-Lewis still cannot prevail. Evid.R. 702(b) concerns the admissibility of expert scientific testimony, and we acknowledge that an affidavit in support of or in opposition to a motion for summary judgment must meet the same requirements for admissibility as does evidence presented at trial. *Raymundo v. Hammond Clinic Ass'n,* 449 N.E.2d 276 (Ind.1983). Again, however, because Shults–Lewis did not object to the Doctor's affidavit, any error in its admission and the argument concerning the alleged lack of reliable scientific principles on which the phenomenon of repressed memory is based, have been waived. For purposes of this summary judgment action the validity of the phenomenon as well as its effects upon the Plaintiffs was properly before the trial court.

later in this opinion, we agree with the trial court

at least with respect to Jane F. Doe.

The question remains, however, whether either Plaintiff in this case has satisfied the requirements our supreme court set forth in *Fager*. The case makes clear that when a parent, or as here, a person *in loco parentis*, "has either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action" then the doctrine of fraudulent concealment is available to estop a defendant from asserting the statute of limitations as a defense. *Id* at 251. In order to prevail on a claim invoking the doctrine the plaintiff has the burden of "present[ing] specific facts showing that her lack of memory resulted from a concealment caused by the defendant's deception or breach of duty." *Id.* We read *Fager* as holding that a plaintiff may carry this burden by submitting an affidavit by an expert witness supporting the scientific validity of repressed memory and establishing that the plaintiff's normal powers of perception and recollection had been obscured by the repressed memory as a result of a parent's sexual abuse. *Id.* at 252.

The record shows that while Jane F. Doe's normal powers of perception may have been obscured by repressed memory as a result of Grantham's sexual assaults, her recollection of his conduct had not been likewise affected. Specifically, Jane F. Doe testified by way of affidavit "[a]t the time Rodney Grantham was engaging in sexual intercourse with me, I was aware of what he was doing to me. I have not forgotten since then about what he did to me." *R.* at 346–47. In his affidavit, Dr. Baker never indicated that Jane F. Doe actually suffered the phenomenon of repressed memory. Rather, he diagnosed Jane F. Doe as well as Jane I. Doe as "suffering from post traumatic stress disorder." *R.* at 317. Even if we were to assume for the sake of argument that such disorder could have affected Jane F. Doe's recollection, Dr. Baker's testimony does not confirm such an assumption. Rather, Dr. Baker testified by way of affidavit that Jane F. Doe had continuing memories of her molestation and abuse from the time of their occurrence, however she "did not understand the inappropriateness and intrusiveness of this behavior until many years after she left the children's home when her depression and suicidal ideation and attempts resulted in hospitalization and treatment." *R.* at 318. Jane F. Doe echoed Dr. Baker's observations by testifying that she did not know until 1990, when she began therapy, that Grantham's sexual activity with her was wrong, and that even though she suffered psychological distress for a number of years, she had no idea that her suffering was caused by her childhood experiences. *R.* at 349.

The parties to this appeal spend considerable time discussing whether the event triggering the statute of limitations is the discovery of the act of molestation or the discovery of the causal connection between the molestation and the psychological distress. Our supreme court has noted that even in states which apply the discovery rule, the statute of limitations would apply where a plaintiff is aware of childhood sexual abuse but unaware of the full extent of the resulting psychological or physical ramifications. *Fager*, 610 N.E.2d at 249 fn. 1; *See also Doe v. United Methodist Church*, 673 N.E.2d 839, 842 (Ind. Ct.App.1996). In any event we need not examine the issue today. *Fager* makes clear that to overcome the preclusive effect of the statute of limitations based on the doctrine of fraudulent concealment, the plaintiff must demonstrate by way of expert testimony that her powers of perception as well as recollection had been obscured by repressed memory as a result of the sexual abuse. Nothing before the trial court and thus nothing before this court show that Jane F. Doe's recollection of her traumatic childhood experience has been obscured. Rather than repressing the memory of those experiences, Jane F. Doe has never forgotten them. Under these circumstances the statute of limitations bars Jane F. Doe's claim. The trial court properly granted summary judgment in favor of Shults–Lewis and against Jane F. Doe.

The record shows that unlike Jane F. Doe, Jane I. Doe had no independent memory of Grantham sexually molesting her. Rather, her knowledge of Grantham's sexual abuse came in 1990 after talking with Jane F. Doe and other former residents of Shults–Lewis and after Grantham admitted the

abuse to her. For example, in an affidavit in response to Shults–Lewis' motion for summary judgment, Jane I. Doe testified "[w]hile I was a resident, one of the employees, Rodney Grantham, engaged in sexual intercourse with me on many occasions.... I am basing my statement on Rodney Grantham's admissions and on my memory of the circumstances surrounding some of the occurrences. Even today, I have no specific memory of this sexual activity." *R.* at 354–55. Dr. Baker, who personally examined both Jane F. Doe and Jane I. Doe, and who reviewed a battery of psychological tests which he and his associates conducted on the two women, testified in his affidavit "[Jane I. Doe] is a person who had very likely repressed all memory of the events surrounding her childhood trauma that would provide her with information that would associate the trauma with sexual abuse." *R.* at 319.

Shults-Lewis discounts Dr. Baker's assessment on grounds that the phenomenon of repressed memory is not scientifically reliable. As for Jane I. Doe, Shults–Lewis points to deposition testimony of a therapist who treated her and who testified, among other things, that Jane I. Doe did not repress the memories associated with her childhood trauma, but rather her feelings were dissociated from the events. Shults–Lewis also points to a prior affidavit of Jane I. Doe which it contends is inconsistent with her present position.

We have already addressed Shults–Lewis' argument concerning the reliability of the phenomenon of repressed memory and need not address it further. As for the therapist's opinion, at most it represents a dispute of fact as to whether Jane I. Doe's normal powers of perception and recollection had been obscured by repressed memory as a result of the sexual molestations. Concerning Jane I. Doe's affidavit, we disagree with Shults–Lewis' characterization. For example, in support of its argument Shults–Lewis directs our attention to portions of the affidavit which begin "I first recall being sexually abused by Grantham before I was in 5th grade (approximately 1962).... At the time, I thought of it as punishment because that was what he told me." *R.* at 56. The

affidavit continues by recounting specific instances of Grantham's sexual molestations, including an instance when Grantham took Jane I. Doe to a motel when she was age fourteen or fifteen. Neither the cited portions of the affidavit nor the representations in the affidavit taken as whole is inconsistent with Jane I. Doe's later statement that she had no independent recollection of Grantham's sexual abuse until he admitted those facts to her in 1990. The affidavit very easily could be read as a present recount of events inspired by Grantham's admissions. In any event, the question here is whether Jane I. Doe provided expert opinion to support the scientific validity of repressed memory and whether the expert opinion established "that her normal powers of perception and recollection had been obscured by the phenomenon" as a result of Grantham's sexual abuse. *Fager* 610 N.E.2d at 252. Dr. Baker's affidavit satisfies the *Fager* requirement.

We conclude that the fraudulent concealment exception applies in this case because Jane I. Doe filed the instant action within months of discovering that her childhood injury was sustained as a result of Grantham's conduct. The limitations period that otherwise would have barred Jane I. Doe's claim does not do so here. Accordingly the trial court erred in granting summary judgment in favor of Shults–Lewis and against Jane I. Doe. We therefore reverse the trial court on this issue.

██ Apparently proceeding under the rule that in a summary judgment action the trial court can be affirmed on any theory the evidence of record supports, *see Houin v. Burger by Burger,* 590 N.E.2d 593 (Ind.Ct. App.1992), *trans. denied,* Shults–Lewis suggests that regardless of the statute of limitations issue, summary judgment was nonetheless properly entered against the Plaintiffs because both lacked standing to pursue this action. In support, Shults–Lewis directs our attention to its Rule 56 material demonstrating that in 1985 both Plaintiffs filed for relief under Chapter 7 of the U.S. Bankruptcy Code and failed to list their potential claim as a part of their individual bankruptcy petitions. According to Shults–Lewis the Plain-

tiffs are prohibited from recovering on their own behalf because the action against it belongs not to the Plaintiffs but to their bankruptcy estate in trust for their creditors. *See Sizemore v. Arnold,* 647 N.E.2d 697 (Ind. Ct.App.1995), *reh'g denied.*

First, we need address this issue only as it relates to Jane I. Doe. We have already affirmed the trial court's grant of summary judgment in favor of Shults–Lewis and against Jane F. Doe on statute of limitations grounds. Second, Jane I. Doe was not required to disclose to the Bankruptcy Court her claim against Shults–Lewis because no such claim existed in 1985. A claim does not exist until has accrued. In this case the claim did not accrue until Jane I. Doe "once becoming an adult, [knew] or should have discovered that a childhood injury was sustained as a result of defendant's tortious conduct." *Fager* 610 N.E.2d at 251. The record here shows that it was not until 1990 that Jane I. Doe discovered that she suffered a childhood injury as a result of Grantham's molestations. Thus her claim against Shults–Lewis was not an interest Jane I. Doe possessed when she filed her bankruptcy petition in 1985. Accordingly the trial court's grant of summary judgment in favor of Shults–Lewis cannot be sustained on the ground that Jane I. Doe lacks standing to pursue this action.

Judgment affirmed in part and reversed in part.

SHARPNACK, C.J., concurs.

DARDEN, J., dissents in part and concurs in part.

DARDEN, Judge, dissenting in part and concurring in part.

I concur in the result reached by the majority regarding Jane F. Doe; however, I respectfully dissent from the majority in the result reached regarding Jane I. Doe.

Specifically, I disagree with the majority's interpretation and application of the holding in *Fager v. Hundt,* 610 N.E.2d 246 (Ind. 1993). The majority relies thereon to conclude that because Jane I. Doe's presented expert opinion indicating (1) repressed memory is scientifically valid, and (2) her normal powers of perception and recollection had been obscured by repressed memory as a result of sexual abuse by one acting *in loco parentis,* she established fraudulent concealment sufficient to have prevented her from commencing the action within the two-year grace period provided in Ind.Code 34–1–2–5.

My reading of *Fager* differs. For its rationale in *Fager,* our supreme court began with the equitable doctrine of fraudulent concealment, which "estop[s] a defendant from asserting the statute of limitations 'when he has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" 610 N.E.2d at 251(citations omitted). As this quotation and the authorities on which it relies make clear, the availability of the doctrine is determined by an examination of the *defendant*'s conduct. The court, in discussion of summary judgment granted to the father in an action by his adult daughter fifteen years after she attained the age of majority and approximately twenty-two years after her alleged sexual abuse by her father, first observed that the daughter "did not present specific facts showing that her lack of memory resulted from a concealment caused by [the father's] deception or breach of duty." *Fager* at 252. After this, the court noted that daughter "submitted no affidavits or depositions of qualified witnesses providing expert opinion to support the scientific validity of repressed memory and to establish that her normal powers of perception and recollection had been obscured by the phenomenon as a result of her father's sexual acts with her." *Id.*

The majority would use the court's reference to expert witness testimony as establishing the evidence which is necessary to establish fraudulent concealment, in effect making the production of evidentiary support for one's suffering from repressed memory as the result of parental sexual abuse to *per se* excuse one from commencing the action within two years of adulthood so long as one exercises diligence in bringing the action after discovery. Thus, despite *Fager*'s use of the doctrine of fraudulent concealment which requires an examination of the conduct of the

defendant, the majority looks at facts concerning the plaintiff.

However, after the above discussion in *Fager*, our supreme court proceeded to hold that the daughter's "failure to respond to the summary judgment motion with specific facts showing the fraudulent concealment exception," *id.*, was not determinative because a new rule of law was being issued in *Fager*. Thereafter, our supreme court directed the father's motion for summary judgment to be determined after development of material facts as to "whether the [father's] conduct, by deception or violation of duty, operated to conceal material facts from the [daughter], preventing her from commencing the action within the two-year grace period...." *Id.* at 253.

I cannot ignore the repeated references in *Fager* to the critical question of whether the *defendant*'s conduct, by deception or violation of duty, operated to conceal material facts from the plaintiff. I read *Fager* to require Jane I. Doe to have shown by designated evidence that the defendants in some manner engaged in deception or violated a duty thereby creating an inference that they concealed from her material facts which prevented her from discovering her potential cause of action. I find no such evidence and would, therefore, affirm the trial court in the matter of Jane I. Doe as well as Jane F. Doe.