**D.O. McCOMB & SONS, INC.**
**Appellant–Plaintiff,**

v.

**FELLER FUNERAL HOME, INC.**
**Appellee–Defendant.**

**No. 17A04–9905–CV–195.**

Court of Appeals of Indiana.

Dec. 9, 1999.

Robert Owen Vegeler, Beers Mallers Backs & Salin, Fort Wayne, Indiana, Attorney for Appellant.

Thompson Smith, John Martin Smith and Thompson Smith, Auburn, Indiana, Attorney for Appellee.

**OPINION**

BAKER, Judge

Appellant-plaintiff D.O. McComb & Sons, Inc. (McComb) appeals from the decision of the trial court that it was not entitled to a five percent (5%) transfer fee, to be paid by appellee-defendant Feller Funeral Home, Inc. (Feller), after the latter was named the beneficiary of a funeral insurance policy originally purchased from McComb and naming McComb the beneficiary. Specifically, McComb argues that IND.CODE § 30–2–13–13 unambiguously requires payment of a transfer fee whenever a purchaser designates a successor seller of funeral services and merchandise, whether actual funds and merchandise are transferred between funeral homes or whether another funeral home is designated the successor beneficiary to an insurance policy.

*FACTS*

McComb and Feller are both Indiana corporations operating as licensed funeral homes, whose principal places of business are in the State. Both are licensed by the State to sell pre-need funeral insurance used to fund funeral services and merchandise sold through a funeral planning agreement, and both perform this function as agents of Forethought Life Insurance Company (Forethought).

Virginia E. Romine entered into a funeral planning agreement for goods and services to be rendered by McComb upon her death in the total amount of $6,525. Romine funded the agreement with a funeral insurance policy from Forethought, which paid McComb a commission on the policy sale in the amount of $473.06. McComb was the designated beneficiary of the policy. Romine thereafter notified McComb that she wished to designate Feller as the pre-need funeral insurance policy benefi-ciary. All three parties, Romine as purchaser, and the two funeral homes as sellers, proceeded to carry out the requisite steps of I.C. § 30–2–13–13. In relevant part, the statute provides as follows:

(c) If a purchaser designates a successor seller, not less than thirty (30) days after receiving notice . . . the seller who was previously designated shall:

(1) Relinquish all rights under the contract;

(2) Transfer to the successor the contract; and

(3) Release from trust all property being held as consideration for the contract.

While implementing the requirements of the statute, McComb attempted to collect a transfer fee from Feller in the amount of five percent (5%) of the funeral planning agreement amount, that is, $326.25. Feller refused to pay the fee. No services or merchandise had been delivered as of the date of the notice of transfer, and the transfer did not involve any out-of-state party. Forethought did not charge any fee to McComb or Feller pertaining to the change of beneficiary. The Forethought policy remains in full effect with Feller now designated as the beneficiary. There was no transfer or disturbance of the funds held by Forethought, and no transfer of the corpus to be used to fund funeral services upon the death of Romine.

Notwithstanding the above, McComb instituted a cause of action against Feller seeking recovery of the transfer fee. After a trial held on November 5, 1998, the Referee for Small Claims Court found that the application of I.C. § 30–2–13–13 to these facts was not clear, but that the statute was probably not intended to apply to a case such as this, where there is no property being held in trust and then transferred to the successor. Record at 37. Thus, the Referee recommended a grant of judgment in favor of Feller, and the trial court accepted the recommendation and entered judgment accordingly on January 14, 1999. McComb now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ In this case, the referee made findings of fact and a recommendation of judgment, which were adopted by the trial court. In such circumstances, this court may affirm the judgment of the trial court on any legal theory supported by the findings. *In Re: R.P.D. ex rel. Dick,* 708 N.E.2d 916, 919 (Ind.Ct.App.1999), *trans. denied.* In reviewing the judgment, we must first determine whether the evidence supports the findings and whether the findings support the judgment. *Id.* We will reverse the trial court only when the decision is clearly erroneous. *Id.* When making our determination, we will consider only the evidence favorable to the judgment and all reasonable inferences therefrom. *Id.*

■ Furthermore, when a statute is clear and unambiguous on its face, we must not interpret the statute, but must give the statute its clear and plain meaning. *Holmes v. ACandS, Inc.,* 709 N.E.2d 36, 39 (Ind.Ct.App.1999). The construction of a statute is only necessary when the statute is ambiguous. *Indiana Dept. of State Rev. v. Horizon Bancorp,* 644 N.E.2d 870, 872 (Ind.1994). A statute is ambiguous, and open to judicial interpretation, only where it is susceptible to more than one interpretation. *Matter of Lehman,* 690 N.E.2d 696, 702 (Ind.1997).

### II. Interpreting I.C. § 30–2–13–13

■ We agree with both parties that the facts are undisputed in this case, and that the sole issue before us regards the application of I.C. § 30–2–13–13 to these facts. When we attempt to do so, we find the same ambiguity which the Referee noted. Specifically, we note that when a funeral planning agreement is transferred by the purchaser to a successor seller, the previous seller is required to do three things: relinquish all rights under the contract, transfer the contract to the successor, and release from trust all property

being held as consideration for the contract. It is the last act which McComb could not perform in this case, for there were neither funds nor merchandise to transfer. Because we find the language of the statute to be ambiguous as applied to these facts, we will construe the statute, seeking to ascertain the intent of the legislature and to interpret the statute to effectuate that intent. *Holmes,* 709 N.E.2d at 39.

It is apparent that I.C. § 30–2–13–13 was enacted to define relations between parties in situations where funeral arrangements are prepaid. In such circumstances, a purchaser may wish to change the original agreement he or she created with a funeral home. For example, a purchaser may wish to change the funding mechanism, or the bank which holds the trust created to pay for the funeral, or the designated provider of the funeral services and merchandise. The statute clearly sought to compensate a party who has lost its designated position in a funeral services agreement for the work it has already done, whether that was maintaining a trust fund, holding merchandise until needed, or in other ways managing assets under the funeral planning agreement. We view the requirement in I.C. § 30–2–13–13 ("release from trust all property being held as consideration for the contract") as indicative of the fact that the previous seller provided a service prior to the designation of a new seller and has not yet been compensated. It is this performance that the fee is intended to compensate.

In this case, there was no transfer of funds or other property. Instead, McComb, as an agent of Forethought, sold an insurance contract to Romine. For this sale, McComb earned from Forethought a seven and one quarter percent (7.25%) commission. McComb argues that the five percent (5%) fee it sought from Feller was to cover the cost of funeral planning counseling which it performed in selling the contract to Romine. However, we conclude that the commission McComb re-

ceïved as an agent of Forethought serves precisely the purpose of compensating McComb for the work entailed in selling the contract.

For the above reasons, we hold that the requirement of a five percent (5%) fee in I.C. § 30–2–13–13(c) does not apply to situations in which no transfer of funds or property need occur when a successor seller is designated. We conclude that the evidence supports the findings of the trial court and the findings support the judg-ment. The trial court did not err in ruling in favor of Feller.

Judgment affirmed.

SHARPNACK, C.J., and MATTINGLY, J., concur.