**In re the PATERNITY OF K.L.O., Minor Child, b/n/f Amy Feldman,**

**Toby L. Lakins, Appellant–Respondent,**

v.

**Amy M. Feldman, Appellee–Petitioner.**

**No. 50A03–0312–JV–494.**

Court of Appeals of Indiana.

Oct. 27, 2004.

Monty K. Woolsey, Miroff, Cross & Woolsey Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

ROBB, Judge.

Toby Lakins appeals the trial court's denial of his motion to dismiss a petition to establish paternity filed by Amy Feldman,[1] which alleged that Lakins was the father of K.L.O. We reverse and remand.

*Issue*

Lakins presents three issues for our review, which we consolidate and restate as whether the trial court properly denied Lakins's motion to dismiss the paternity action brought against him.

*Facts and Procedural History*

On August 1, 1992, Feldman, who was not married at the time, gave birth to K.L.O. Feldman and Jeffery Overholser, the man she was dating at the time of K.L.O.'s birth, executed a paternity affidavit naming Overholser as the father.

In late 2002, Feldman requested that another man, Toby Lakins, submit to a DNA test to determine if he was K.L.O.'s biological father. Lakins agreed, and a subsequent DNA test revealed a probability of 99.99995% that Lakins was K.L.O.'s

biological father. On December 18, 2002, Feldman filed a petition to establish paternity, which alleged that Lakins was K.L.O.'s father. Lakins subsequently filed a motion to dismiss the petition, arguing that paternity had already been established in Overholser via the executed paternity affidavit, and that Overholser was a necessary party and should have been joined in the paternity action. After a hearing, the trial court granted Lakins's motion.

On April 1, 2003, Feldman filed a second petition to establish paternity, alleging that Overholser was K.L.O.'s father. Lakins was not served with notice of, or made a party to, those proceedings. After a hearing, Feldman and Overholser filed, and the trial court granted, a joint motion for genetic testing in an attempt to disestablish Overholser as K.L.O.'s biological father. The trial court subsequently dismissed Feldman's petition to establish paternity in Overholser after a DNA test revealed that Overholser was not the biological father of K.L.O.

On June 16, 2003, Feldman filed a third petition to establish paternity, alleging for the second time that Lakins was K.L.O.'s father. Lakins moved to dismiss, again contending paternity had already been established in Overholser by means of the paternity affidavit, and Overholser was a necessary party and was required to be joined in the action. After a hearing, the trial court denied Lakins's motion. Lakins sought and was granted certification of the trial court's denial for interlocutory appeal, and we accepted jurisdiction. This appeal ensued.

*Discussion and Decision*

Lakins contends the trial court erred in denying his motion to dismiss for the fol-

---

1. At the time of K.L.O.'s birth, Amy's last name was "Pentecost." She is now married, and for the sake of clarity, we will refer to her by her married name.

lowing reasons: (1) Feldman was barred by the statute of limitations from pursuing a paternity action; and (2) Overholser was not joined in the paternity action as a necessary party. We will address each contention in turn.

### I. Statute of Limitations

■ Lakins first contends the trial court erred in denying his motion to dismiss because Feldman was barred by the statute of limitations from pursuing a paternity action against Lakins. We disagree.

Under Indiana Code section 31–14–5–3, a mother may not file a paternity petition later than two years after the child is born. However, under Indiana Code section 31–14–5–2(b), a child may pursue a paternity action at any time before the child reaches twenty years of age. A child who is incompetent due to age may file a paternity petition through the child's guardian, guardian ad litem, or next friend. Ind. Code § 31–14–5–2(a). In the instant case, Feldman filed this paternity action on behalf of K.L.O. as her next friend. Because K.L.O. was only ten years old at the time of the filing of the paternity action, Feldman was not barred by the statute of limitations from filing a paternity petition on K.L.O.'s behalf as her next friend. *See, e.g., In re R.P.D. ex. rel. Dick*, 708 N.E.2d 916 (Ind.Ct.App.1999), *trans. denied; In re P.L.M. ex rel. Mitchell*, 661 N.E.2d 898 (Ind.Ct.App.1996), *trans. denied.*

### II. Necessary Party

■ Lakins next contends the trial court erred in denying his motion to dismiss under Indiana Trial Rule 12(B)(7) because Overholser was not joined as a necessary party. We agree.

Indiana Code section 31–14–5–6 provides, "The child, the child's mother, and *each person alleged to be the father* are necessary parties to each [paternity] action." (Emphasis added). In the case at hand, Overholser was not joined as a necessary party, even though he was, and continues to be, K.L.O.'s legal father. Indiana Code section 31–14–7–3 states that a man is a child's legal father if he has executed a paternity affidavit, and that affidavit has not been rescinded or set aside.

> A paternity affidavit that is properly executed under this section may not be rescinded more than sixty (60) days after the paternity affidavit is executed unless a court has determined that fraud, duress, or material mistake of fact existed in the execution of the paternity affidavit.

Ind.Code § 16–37–2–2.1(i).

After Feldman's first paternity action against Lakins was dismissed, Feldman filed a paternity action against Overholser, alleging that Overholser was the father. After a hearing, Feldman and Overholser filed a joint motion for genetic testing. When the test results excluded Overholser as K.L.O.'s father, Feldman filed a motion to dismiss the action against Overholser, and the trial court granted that motion. The trial court did not, however, find that fraud, duress, or material mistake of fact existed in the execution of the paternity affidavit by Overholser. Furthermore, the trial court did not rescind or set aside the paternity affidavit that was executed by Overholser. Thus, Overholser remains the legal father of K.L.O., and, as such, he should have been joined as a necessary party in the instant case. For this reason, the trial court erred in denying Lakins's motion to dismiss the paternity action filed against Lakins because Feldman did not join Overholser, a necessary party, to the action.

### Conclusion

We hold Feldman was not barred by the statute of limitations from pursuing a paternity action on behalf of K.L.O. as her

next friend. Nevertheless, the trial court erred in denying Lakins's motion to dismiss because Overholser was not joined as a necessary party to this cause. Therefore, we reverse the trial court's decision and remand this cause to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

KIRSCH, C.J., and BAKER, J., concur.

**J.Y., Appellant–Defendant,**