**Leonard W. DUWE and Alberta J. Duwe, Plaintiffs-Appellants,**

v.

**Roy L. RODGERS, Davidsons Industries, Inc., d/b/a Davidson Lumber Company, and John Doe I, Defendants-Appellees.**

No. 1–1281A364.

Court of Appeals of Indiana, First District.

Aug. 2, 1982.

Rehearing Denied Sept. 9, 1982.

Jeffrey S. Rasley, David B. Millard, Dutton, Kappes & Overman, Indianapolis, for plaintiffs-appellants.

Lawrence W. Gaston, Jr., O'Dell & Gaston, Indianapolis, for defendants-appellees.

ROBERTSON, Judge.

The plaintiffs-appellants, Mr. and Mrs. Duwe, are appealing the granting of a motion for summary judgment filed by the defendants-appellees, Davidsons Industries.

Mr. and Mrs. Duwe were involved in an automobile accident on September 11, 1977. They were struck by a car which had been hit by Rodgers. Rodgers had been attending an employees' outing given by his employer, Davidsons Industries. The evidence disclosed that Rodgers allegedly consumed a sufficient quantity of free beer at the company picnic to become intoxicated. Mr. and Mrs. Duwe filed suit against Rodgers on September 10, 1979. The Duwes moved on March 18, 1980, to amend their complaint to include Davidsons Industries as a defendant. The motion was granted and an amended complaint filed on May 5, 1980.[1] Davidsons Industries filed a motion for summary judgment alleging that the Duwes had not commenced their cause of action against Davidson Industries within the two year statutory limitation. Duwes countered by asserting that because of Mrs. Duwe's mental disability resulting from the accident Ind.Code 34–1–2–5 applied, thereby extending the time to bring a cause of action. That motion for summary judgment was overruled. Davidsons Industries filed another motion for summary judgment which again asserted the statute of limitations arguing Mrs. Duwe was not disabled within the meaning of the statute and asserted the new grounds of failure to state a cause of action recognized in Indiana. Additionally, they sought to dismiss Mr. Duwe's claim because he was not mentally disabled. The trial court granted the second motion for summary judgment on both counts.

The five issues raised by the Duwes in this appeal are:

1. Did the trial court err in granting summary judgment to defendants Davidsons Industries, Inc. as to claims set forth in plaintiffs' complaint because genuine issues of material fact existed as to such claims which precluded the entry of summary judgment?

2. Did the trial court err in granting summary judgment to Davidsons Industries, Inc. as to the claims set forth in plaintiffs' complaint because it weighed the sufficiency of the evidence in plaintiffs' affidavits and depositions contrary to the dictates of Indiana law?

3. Did the trial court err in determining as a matter of law that plaintiff Mrs. Duwe was not under a legal disability such as to bring her claim under the statutory grace period of IC 34–1–2–5?

---

1. On March 20, 1980, Duwes secured a $306,- 462.00 default judgment against Rodgers.

4. Did the trial court err in determining that plaintiffs' complaint did not state a cause of action against Davidsons Industries?

5. Did the trial court err in determining as a matter of law that Mr. Duwe had no cause of action against Davidson Industries?

Prior to a discussion of the issues on the merits, we duly note that the parties well briefed the role of this court in reviewing the granting of a summary judgment. Generally speaking, we must determine if there is any genuine issue of material fact and whether the law was correctly applied; the burden is on the moving party to establish that no genuine facts are in material issue; any doubt as to the existence of a material fact must be resolved against the moving party; and, the facts set forth in the non-moving party's affidavits, if any, are taken as true with the products of discovery being liberally construed in their favor. *Hale v. Peabody Coal Company*, (1976) 168 Ind.App. 336, 343 N.E.2d 316; Indiana Rules of Procedure, Trial Rule 56.

Moreover, the parties tend to agree that the resolution of this appeal depends, to a large extent, on three related statutes:

Persons under legal disabilities—any person, being under legal disabilities when the cause of action accrues, may bring his action within (2) years after disability is removed. IC 34–1–2–5;

The phrase 'under legal disabilities' includes persons under the age of 18 years, or of unsound mind, or imprisoned in the state's prison, or out of the United States. IC 34–1–67–1(6); [2] and,

The phrase 'unsound mind' includes idiots, noncompotes, (non compos mentis), lunatics and distracted persons .... IC 34–1–67–1(3).

The question then becomes whether Mrs. Duwe was a distracted person of unsound mind within the meaning of the statute thereby extending the normal statute of limitations?

■ Indiana law provides little help in defining what constitutes a distracted person. However, a sister state, in the case of *Snyder v. Snyder*, (1892) 142 Ill. 60, 31 N.E.2d 303, defines a distracted person as one who is:

... incapable of acting rationally in the ordinary affairs of life, and of comprehending the nature and value of property, as to be incapable of transacting, or procuring to be transacted, ordinary business.

31 N.E.2d at 305.[3]

We are of the opinion, as a matter of law, that within the meaning of the Indiana statute a distracted person is a person who by reason of his or her mental state is incapable of managing or procuring the management of his or her ordinary affairs.

■ The factual framework relating to Mrs. Duwe's competency within which the trial court worked consisted solely of the Duwes' depositions and affidavits submitted in opposition to Davidsons second motion for summary judgment. A reading of those documents, in the light intended by summary judgment standards, reveals that Mrs. Duwe was in pain and disabled. However, giving these facts every intendment deserved, the evidence before the court does not rise to the level of a justifiable finding that Mrs. Duwe was of unsound mind.

Therefore, in utilizing the foregoing reasoning, we find that the trial court did not err in granting a summary judgment and as a result, none of the first three issues present reversible error.

In deciding as we have that the cause of action was not timely in including Davidsons, it matters little as to the resolution of the last two issues. Even if a cause of action was stated by the Duwes it is nonetheless barred. Also, it is axiomatic that if Mrs. Duwe's claim is barred by the statute of limitations, then Mr. Duwe's is in the same position.

Judgment affirmed.

2. The imprisonment provision was deleted in 1982.

3. Counsel for Davidsons opines, noting that the Indiana statute was passed in 1881, that distracted was a genteel term of that time for insanity.

RATLIFF, P. J., concurs in result.

NEAL, J., concurs. ·