**Michelle COLE as Personal Representative of the Estate of Jane F. Doe,**

**and**

**Jane I. Doe, Appellants–Plaintiffs,**

v.

**SHULTS–LEWIS CHILD AND FAMILY SERVICES, INC., Appellee–Defendant.**

No. 64A05–9510–CV–400.

Court of Appeals of Indiana.

June 25, 1997.

Gregory Bowes, Indianapolis, for appellant.

Mark A. Lienhoop, David P. Jones, Newby, Lewis, Kaminski & Jones, LaPorte, for appellee.

**ON PETITION FOR REHEARING**

RUCKER, Judge.

In our original opinion we did not reach the substance of Shults–Lewis's argument concerning the alleged lack of reliable scientific principles on which the phenomenon of repressed memory is based. *Doe v. Shults–Lewis,* 677 N.E.2d 1069 (Ind.Ct.App. 1997). We observed that rather than object or move to strike an affidavit in which the subject was discussed, Shults–Lewis, in a reply memorandum before the trial court, merely indicated that the affidavit should not be considered because it was untimely filed. Thus, we determined that the issue of whether the affidavit was properly before the trial court as well as any argument concerning the

alleged lack of reliable scientific principles on which the phenomenon of repressed memory is based, had been waived. *Id.* In its Petition For Rehearing Shults–Lewis contends that the untimeliness argument was an alternative one. Shults–Lewis continues that it also argued before the trial court that the affidavit of Dr. Baker should not be considered because it did not set forth facts sufficient to establish the scientific validity of repressed memory. Therefore, according to Shults–Lewis, its argument is not waived.

■ In order to avoid waiver Shults–Lewis was required either to file a motion to strike the affidavit or otherwise object to the affidavit. "A complaining party has a duty to direct the trial court's attention to a defective affidavit, and the failure to raise an objection constitutes waiver." *Paramo v. Edwards*, 563 N.E.2d 595, 600 (Ind.1990). In this case the record is clear that Shults–Lewis did not move to strike the affidavit of Dr. Baker. Further, contrary to Shults–Lewis's argument on rehearing, the record is also clear that Shults–Lewis did not object to the affidavit. Rather Shults–Lewis contended "the affidavit of Dr. Baker does not create a question of fact to prevent summary judgment against plaintiffs." *R.* at 371. Shults–Lewis then proceeded to develop an argument in support of its contention. To the extent Shults–Lewis is contending that the affidavit is defective and not properly before the court, we again hold that the issue is waived.

■ On this occasion we address only whether the Dr. Baker affidavit creates a question of fact which would preclude summary judgment in favor of Shults–Lewis and against Jane I. Doe. We hold that it does and therefore affirm our original opinion. Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *Nobles v. Cartwright*, 659 N.E.2d 1064 (Ind.Ct.App.1995). Even if it appears that the non-moving party will not be successful at trial, summary judgment should not be entered where material facts conflict or where conflicting inferences are possible. *Security State Bank v. Washburn*, 650 N.E.2d 74 (Ind.

Ct.App.1995). When the defendant is the moving party, it is entitled to summary judgment as matter of law if it can demonstrate that either undisputed material facts negate at least one element of plaintiff's claim, or if it raises a valid affirmative defense which bars plaintiff's claims; if the defendant cannot make one of these showings, then summary judgment is inappropriate. *Hawn v. Padgett*, 598 N.E.2d 630 (Ind.Ct.App.1992). On review of a grant of summary judgment this court liberally construes all designated evidentiary matters in favor of the non-moving party and resolves any doubts against the moving party. *Randolph County Hospital v. Livingston*, 650 N.E.2d 1215 (Ind.Ct.App. 1995), *trans. denied.*

■ At the heart of Shults–Lewis's argument is the contention that the phenomenon of repressed memory is not scientifically reliable and that the affidavit of Dr. Baker does not "establish" its reliability. In *Fager v. Hundt*, 610 N.E.2d 246 (Ind.1993) our supreme court observed that the plaintiff's claim of repressed memory "present[ed] a phenomenon of human behavior that has recently received scientific attention, although its existence and validity is not without dispute." *Id.* at 252. The court essentially rejected plaintiff's claim because it was based only on plaintiff's own representation that her childhood experiences of sexual activity with her father caused her to suffer repressed memory. *Id.* Specifically the court observed "while her deposition testimony opined that her memories were 'suppressed,' such conclusory statements are generally disregarded in determining whether to grant or deny a motion for summary judgment." *Id.* The court then noted there was no expert testimony in support of the plaintiff's claim. "The plaintiff submitted no affidavit or depositions of qualified witnesses providing expert opinion to support the scientific validity of repressed memory...." *Id.* Shults–Lewis's argument to the contrary notwithstanding, we do not read *Fager* as requiring, at the summary judgment stage of the proceedings, that a party asserting the phenomenon must "establish" the scientific validity of repressed memory. Indeed the court acknowledged that its existence as well as its validity

is in dispute. Rather, we read *Fager* as requiring only that the party at least provide expert testimony "supporting" the scientific validity of the phenomenon.

In the case before us Dr. Baker's affidavit satisfies the dictates of *Fager* in that it supports the scientific validity of repressed memory. Regardless of whether Jane I. Doe will be able at a trial on the merits to satisfy the admissibility requirements for expert opinion, the affidavit is sufficient to withstand a motion for summary judgment. Accordingly, except as otherwise provided herein, Shults–Lewis's Petition for Rehearing is denied.

SHARPNACK, C.J., concurs.

DARDEN, J., dissents with opinion.

DARDEN, Judge, dissenting.

I hereby vote to grant Shults–Lewis's petition for rehearing in this matter and I would further vote to reinstate the trial court's order granting summary judgement on behalf of Shults–Lewis. In my opinion, the case of *Fager v. Hundt,* 610 N.E.2d 246 (Ind.1993) is dispositive of the claims of both plaintiffs because of their failure to timely file their lawsuits against Shults–Lewis.