**Jean Ann GILP and Donna Jo Luzzi, Appellants–Plaintiffs,**

**v.**

**Richard NEVILLE, Appellee–Defendant.**

No. 41A01–9608–CV–272.

Court of Appeals of Indiana.

June 30, 1997.

Brian K. Zoeller, Sargent & Meier, Greenwood, for appellants.

Stephen P. Ullrich, Jones, Drury, Hoffman & Ullrich, Franklin, for appellee.

## OPINION

NAJAM, Judge.

## STATEMENT OF THE CASE

Jean Ann Gilp and Donna Jo Luzzi ("the Sisters") appeal from the trial court's grant of summary judgment in favor of Richard Neville. The Sisters filed suit against Neville claiming that Neville had sexually molested them as children although they had no memory of the molestations until late 1992 or early 1993. Neville moved for summary judgment and argued that the statute of limitations barred the Sisters' lawsuit. The trial court granted Neville's motion, and the Sisters now appeal.

We affirm.

## ISSUE

The sole issue presented for our review is whether, as a matter of law, the statute of limitations bars the Sisters' claims against Neville.

## FACTS

The Sisters allege that Neville, their parents' neighbor and friend, sexually molested them between the years of 1968 and 1975. During this time period, Gilp would have been between 9 and 15 years of age while Luzzi would have been between 4 and 11 years of age. The molestations allegedly occurred in Neville's home and the Sisters never informed their parents of the incidents. The parents had no knowledge of the molestations. Both of the Sisters claim that the trauma resulting from the molestations caused repressed memory and that they did not remember the molestations until late 1992 or early 1993.[1]

On June 10, 1993, each of the Sisters filed a complaint for damages against Neville. These were later consolidated into one cause of action. Neville then moved for summary judgment and argued that the statute of limitations barred the Sisters' claims. In granting his motion the trial court stated:

3. The Court has reviewed the material designated by each of the parties in support of their respective positions, has analyzed the parties' arguments (as set out in oral argument and written briefs), and analyzed the same in light of the decision by the Indiana Supreme Court in *Fager v. Hundt,* 610 N.E.2d 246 (Ind.1993).

4. Based upon the Court's interpretation of the status of the law on the issue presented, each of the causes of action filed by the Plaintiffs have been filed beyond the time allowed under the applicable statute of limitations, namely two years after the Plaintiffs reached their respective ages of majority. Further, the Court finds no exceptions in this case which can defeat the statute of limitations defense. Therefore, the Court determines that it has no alternative but to find that there is no genuine

---

1. In an alternative argument, Neville argues that the Sisters failed to provide scientific evidence that they suffered from repressed memory. Be- cause we affirm the trial court's grant of summary judgment on other grounds, we need not consider this issue on appeal.

issue of material fact in dispute and that Defendant is entitled to judgment as a matter of law.

Record at 308. The Sisters now appeal.

## DISCUSSION AND DECISION

### Standard of Review

■ The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Fawley v. Martin's Supermarkets, Inc.*, 618 N.E.2d 10, 12 (Ind.Ct.App.1993), *trans. denied.* When reviewing a motion for summary judgment, we apply the same standard as the trial court, and we resolve any doubt as to a fact, or an inference to be drawn therefrom, in favor of the party opposing summary judgment. *Miller v. Monsanto Co.*, 626 N.E.2d 538, 541 (Ind.Ct.App.1993). Summary judgment is appropriate only when the designated materials show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *ITT Hartford Ins. Group v. Trowbridge*, 626 N.E.2d 567, 569 (Ind.Ct. App.1993), *trans. denied.*

■ Statutes of limitation are favored because they afford security against stale claims and promote the peace and welfare of society. *Shideler v. Dwyer*, 275 Ind. 270, 273, 417 N.E.2d 281, 283 (1981). Consequently, the courts are inclined to construe limitation laws liberally, so as to effect the intention of the legislature. *Id.* They are enacted upon the presumption that one having a well-founded claim will not delay in enforcing it. *Id.* The defense of a statute of limitations is particularly suitable as a basis for summary judgment. *A.M. v. Roman Catholic Church*, 669 N.E.2d 1034, 1037 (Ind. Ct.App.1996), *trans. denied.*

### Statute of Limitations

The Sisters contend that the trial court erred when it concluded that the statute of limitations barred their lawsuit against Neville. Specifically, the Sisters assert that because their parents had not "discovered" the molestations until the Sisters remembered the incidents the statute of limitations did not accrue until 1992, some 17 years after the last alleged molestation. We do not agree.

This issue is resolved by a careful reading of *Fager v. Hundt*, 610 N.E.2d 246 (Ind. 1993). In that case, our supreme court addressed the effect repressed memory would have on the statute of limitations in a civil action. Our supreme court declined, in cases of childhood injury, to apply the discovery rule subjectively based upon the child's actual knowledge. Rather, the supreme court held:

> "[D]iscovery" of a cause of action by a child's parent, even absent actual cognition or memory by the child, shall be imputed to the child and shall conclusively constitute the accrual of an action within the meaning of the disability statute, Ind.Code § 34-1-2-5, thus allowing the minor two years after reaching majority within which to commence suit. However, this general rule must be subject to an exception when, as in the present case, the plaintiff's claim asserts childhood injury from the intentional felonious act of a parent.

*Id.* at 251.

The Sisters argue that "discovery," as used by the supreme court in its holding, requires that the parents "knew or, in the exercise of ordinary diligence, should have discovered that an injury had been sustained as a result of the tortious act of another." The Sisters contend that their parents had not "discovered" the sexual abuse until the Sisters recovered their memory and, thus, their claim is not barred by the statute of limitations. However, this argument is contrary to the *Fager* analysis. In *Fager*, the supreme court reasoned:

> When a young child sustains physical harm or is involved in a significant, potentially harmful incident, *sound public policy assumes that the child's parents will observe, remember, and later communicate their knowledge of such events to the child* when advancing maturity allows comprehension of the information for evaluation and possible action during the two-year grace period at the conclusion of minority.

*Id.* (emphasis added). The court continued that it is the "right and duty of parents to protect their children" and that "the right of parents is in the nature of a trust reposed in them, and is subject to their correlative duty to care for and protect their child." *Id.* (citations omitted).

 The *Fager* court has, in effect, recognized a presumption that parents will observe, remember and communicate harms that occurred to their child during her minority. It is assumed that parents will fulfill their duties and, in the exercise of ordinary diligence, shall discover that an injury had been sustained by their child. This knowledge is then imputed to the child and, pursuant to Indiana Code § 34–1–2–5, a minor has two years after she has reached the age of majority within which to file her lawsuit. *Id.* *Fager* carved out an exception to this general rule when the plaintiff's claim asserts childhood injury from the intentional felonious act of a parent. *Id.* That exception does not apply to this case. Accordingly, the Sisters had two years after each Sister reached the age of majority within which to file suit.

Our interpretation of *Fager* comports with *Ernstes v. Warner*, 860 F.Supp. 1338 (S.D.Ind.1994)[2] in which Judge Dillin explained:

> [T]he court [in *Fager*] held that Indiana generally does not allow a plaintiff to sue for acts suffered during childhood and only later remembered, after the statute of limitations has run. In Indiana, repressed memory is not a disability tolling a statute of limitations. The Indiana court found that the "discovery rule"—which in areas such as product liability and medical malpractice law allows a plaintiff to sue years after the wrongful act if the injury only recently has become manifest—is usually not appropriate to wrongs against children because parents have an obligation to discover the wrongs and seek redress. As noted, *Fager* would impute knowledge of sexual abuse to [plaintiff's] parents and have the cause of action accrue in the mid–1970's.

The court went on to hold that the statute of limitations barred the plaintiff's state law claims and that the plaintiff had two years after he reached the age of 18 to file suit. Like the plaintiff in *Ernstes,* the Sisters' claims accrued in 1975, when the last molestation is alleged to have occurred, and they had two years after they reached the age of 18 within which to file suit. Further, the Sisters' claims do not satisfy the *Fager* fraudulent concealment exception. Thus, the trial court correctly concluded that the statute of limitations barred the Sisters' claims against Neville.

Affirmed.

ROBERTSON and DARDEN, JJ., concur.

---

**2.** In that case, the facts do not indicate whether the parents knew that their son had been molested by his teacher.