FILED

Apr 28 2026, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Madison Futa and Sarah Denunzio,

*Appellants-Plaintiffs*

v.

Diocese of Fort Wayne-South Bend, Inc., Saint Joseph High School, John Kennedy, Debra Brown, and Justin Cochran,

*Appellees-Defendants*

---

April 28, 2026

Court of Appeals Case No.
25A-CT-2216

Appeal from the St. Joseph Circuit Court

The Honorable Michael A. Christofeno, Special Judge

Trial Court Cause No.
71C01-2110-CT-398

---

**Opinion by Judge Mathias**
Judges May and Felix concur.

**Mathias, Judge.**

[1] Madison Futa and Sarah Denunzio appeal the St. Joseph Circuit Court's entry of summary judgment for the Diocese of Fort Wayne-South Bend, Inc., Saint Joseph High School ("St. Joseph"), John Kennedy, Debra Brown, and Justin Cochran (collectively "SJHS") on Futa and Denunzio's complaint alleging negligence, negligent and/or intentional infliction of emotional distress, and Title IX violations. Futa and Denunzio present three issues for our review, which we consolidate and restate as whether the trial court erred when it entered summary judgment for SJHS.

[2] We affirm.

## Facts and Procedural History

[3] Denunzio attended St. Joseph from 2014 to 2018, and Futa attended St. Joseph from 2015 to 2019. Both girls played on the junior varsity and varsity volleyball teams during their high school tenures. Cochran coached the junior varsity girls' volleyball team until his promotion to coach of the varsity girls' volleyball team in July 2018. Cochran resigned his position in October 2018. Appellants' App. Vol. 2, p. 114.

On October 29, 2021, Futa and Denunzio filed a complaint against SJHS[1] alleging that Cochran had subjected Futa to "a hostile environment, and caused her emotional, mental, physical, and social harm," and that he had made "inappropriate sexual comments to female volleyball players and transmitted explicit photographs and messages to Denunzio via Snapchat." Appellants' Br. at 8-9. Futa and Denunzio also alleged that Kennedy and Brown knew about complaints against Cochran and took no action until he was asked to resign.

On October 26, 2023, the Diocese, St. Joseph, Kennedy, and Brown filed a motion for summary judgment and supporting memorandum arguing that Futa and Denunzio's claims were time-barred by the two-year statute of limitations under Indiana Code section 34-11-2-4(a). They also argued that Title IX does not allow claims against individual defendants.[2] On December 7, Cochran filed a motion for summary judgment "adopt[ing] and incorporat[ing] the arguments and authorities" and the "evidentiary designations" filed by the Diocese, St. Joseph, Kennedy, and Brown. Appellants' App. Vol. 2, p. 224.

In opposition to summary judgment, Futa and Denunzio argued in relevant part that "the statute of limitations defense fails because (i) with COVID and

---

[1] The Diocese is a non-profit corporation, and St. Joseph is a "parochial school" that is "owned and operated by the Diocese[.]" Appellants' App. Vol. 2, p. 42. At all times relevant to this appeal, Kennedy was the principal of St. Joseph and Brown was its athletic director.

[2] Futa and Denunzio concede that each of their claims is subject to the two-year statute of limitations under Indiana Code section 34-11-2-4(a). Appellants' App. Vol. 3, p. 127; Reply Br. at 10. Because we hold that their complaint was time-barred, we need not address the issue of whether they can sue individual plaintiffs under Title IX.

statutory tolling, the Complaints were timely regardless of the start date asserted by Defendants, and (ii) the statute of limitations was extended by equitable tolling, fraudulent concealment, and/or the discovery rule." Appellants' App. Vol. 3, p. 122. In support of the first argument, Futa and Denunzio designated as evidence Governor Holcomb's Executive Order 20-02, which declared the COVID-19 pandemic a public-health emergency, and Executive Order 22-09, which rescinded the emergency declaration on March 3, 2022. They argued that, as a result of that emergency declaration, the applicable statute of limitations was tolled for 727 days and their complaint was timely filed. In support of their argument that the statute of limitations was also tolled under the doctrines of "equitable tolling, fraudulent concealment, and/or the discovery rule," Futa and Denunzio designated as evidence the depositions of Brown and Kennedy, as well as the depositions of two witnesses.

[7] Following a hearing on the summary judgment motions, the trial court found and concluded in relevant part as follows:

> The claimed incidents of wrongdoing for which Plaintiff Futa seeks recovery are alleged to have occurred when she was a member of the volleyball team coached by Justin Cochran during her senior year at St. Joseph High School. Futa was born on May 9, 2001, and attended St. Joseph High School from 2015 through her graduation on June 3, 2019. Plaintiff Futa alleged that Justin Cochran allegedly created a hostile environment on the volleyball team, which allegedly caused Plaintiff Futa to suffer emotionally, mentally, physically and socially. The Complaint establishes that Plaintiff Futa was aware of the tortious acts and resultant harm by her eighteenth (18th) birthday, May 9, 2019, or at the latest, when she graduated from St. Joseph High School on June 3,

2019. . . . Therefore, unless a tolling extension applies, Plaintiff Futa's claims accrued on May 9, 2019 or no later than June 3, 2019, which was more than two (2) years prior to the date her original Complaint was filed on October 29, 2021. Thus, Plaintiff Futa's Complaint is facially time-barred.

Plaintiff Denunzio alleged that Defendant Justin Cochran made inappropriate comments of a sexual nature to female volleyball players, and that during her senior year (2017-2018), Cochran transmitted a photograph of his genitalia and explicit details of his sexual escapades to her via SnapChat. Denunzio was born on March 15, 2000. Ind. Code § 34-11-6-1 tolls the statute of limitations for minors. . . . Denunzio turned eighteen (18) on March 15, 2018, and admitted that she received the transmissions and correspondence from Justin Cochran after her eighteenth birthday but prior to May 1, 2018. Denunzio graduated from St. Joseph High School on June 4, 2018. Therefore, unless a tolling extension applied, Denunzio's claims accrued prior to May 1, 2018 and absolutely no later than June 4, 2018, which was more than two (2) years prior to the date her Complaint was filed on October 29, 2021. Thus, Denunzio's Complaint is also facially time barred.

Appellants' App. Vol. 2, pp. 25-26. The court also found that on March 23, 2020, in response to the COVID-19 emergency, our Supreme Court issued an order tolling all statutes of limitation in all civil matters, and that that order expired on August 14, 2020. Thus, the court found that the two-year statute of limitations applicable to Futa and Denunzio's complaint was tolled for 144 days.

[8] The court then found and concluded that,

[b]ased on the foregoing, the Court hereby finds that applying the days of COVID-19 tolling time, the two-year statute of limitations period ran out on Plaintiff Futa's claims on October 5, 2021 based on a starting point of her graduation date of June 3, 2019. Using Futa's 18th birthday, May 9, 2019, as the starting point on claims which she averred accrued prior to that, the two-year statute of limitations period ran out on September 30, 2021. In either circumstance, Plaintiff Futa's claims are time-barred.

Also, the Complaint allegations leave no doubt that Plaintiff Denunzio was aware of the alleged tortious acts about which she complains at the latest after her eighteenth (18th) birthday but prior to May 1, 2018, each of these dates well in advance of her graduation from St. Joseph High School on June 4, 2018. Therefore, applying the days of COVID-19 tolling time, the Court further finds that the two-year statute of limitations period ran out on Plaintiff Denunzio's claims on October 27, 2020 based on her graduation date of June 4, 2018 as the latest possible accrual date. Thus, Plaintiff Denunzio's claims are also time-barred.

*Id.* at 28. Futa and Denunzio filed a motion to correct error, which the trial court denied. This appeal ensued.

## Discussion and Decision

### Standard of Review

Futa and Denunzio appeal the trial court's grant of summary judgment for SJHS.

> "The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of law." *Lamb v. Mid Ind. Serv. Co.*, 19 N.E.3d 792, 793 (Ind. Ct. App. 2014). "The party moving for

summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Mint Mgmt., LLC v. City of Richmond*, 69 N.E.3d 561, 564 (Ind. Ct. App. 2017); Ind. Trial Rule 56(C). Summary judgment is a "high bar" for the moving party to clear in Indiana. *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014). If "the moving party satisfies this burden through evidence designated to the trial court, the non-moving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial." *Biedron v. Anonymous Physician 1*, 106 N.E.3d 1079, 1089 (Ind. Ct. App. 2018) (quoting *Broadbent v. Fifth Third Bank*, 59 N.E.3d 305, 311 (Ind. Ct. App. 2016), *trans. denied*), *trans. denied* (2019). "A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (citation and quotation marks omitted).

We review a court's ruling on a summary judgment motion de novo, applying the same standard as the trial court. *Hughley*, 15 N.E.3d at 1003. "In conducting our review, we consider only those matters that were designated to the trial court during the summary judgment stage." *Lowrey v. SCI Funeral Servs., Inc.*, 163 N.E.3d 857, 860 (Ind. Ct. App. 2021), *trans. denied*. "In determining whether issues of material fact exist, we neither reweigh evidence nor judge witness credibility [but] accept as true those facts established by the designated evidence favoring the non-moving party." *Id.* (citations omitted). "Any doubts as to any facts or inferences to be drawn from those facts must be resolved in favor of the nonmoving party." *Denson v. Est. of Dillard*, 116 N.E.3d 535, 539 (Ind. Ct. App. 2018). However, "[m]ere speculation is insufficient to create a genuine issue of material fact to defeat summary judgment." *Biedron*, 106 N.E.3d at 1089. In the summary judgment context, we are not bound by the trial court's findings of fact and conclusions thereon, but they

aid our review by providing the reasons for the trial court's decision. *Howard Cnty. Sheriff's Dep't & Howard Cnty. 911 Commc'ns v. Duke*, 172 N.E.3d 1265, 1270 (Ind. Ct. App. 2021), *trans. denied*. The party that lost in the trial court bears the burden of persuading us that the trial court erred. *Biedron*, 106 N.E.3d at 1089.

"The statute of limitations defense is particularly suitable as a basis for summary judgment." *Myers v. Maxson*, 51 N.E.3d 1267, 1276 (Ind. Ct. App. 2016), *trans. denied*. "The general purpose of a statute of limitation is to encourage the prompt presentation of claims." *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 689 (Ind. Ct. App. 2006). "They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." *Id.* A plaintiff is not required to plead matters to avoid a statute of limitations defense. *Biedron*, 106 N.E.3d at 1089. However, when the opposing party moves for summary judgment based on the statute of limitations as an affirmative defense and makes a prima facie showing that the action was commenced after the statutory period, "the burden shifts to the nonmovant to establish an issue of fact material to a theory that avoids the defense." *Id.* (quoting *Myers*, 51 N.E.3d at 1276).

*Mann v. Arnos*, 186 N.E.3d 105, 114-15 (Ind. Ct. App. 2022), *trans. denied*.

[10] Futa and Denunzio contend that the trial court clearly erred when it concluded that their complaint was time-barred. On appeal, they challenge four of the trial court's findings on this issue, and we address each contention in turn.

### Governor Holcomb's Executive Order 20-02

[11] Futa and Denunzio first argue that,

[u]nder Indiana Code § 34-7-6-3, the statute of limitations was tolled from March 6, 2020 (the date of Governor Holcomb's initial emergency declaration), until March 3, 2022 (the date the emergency declaration was lifted). This represents a tolling period of seven hundred and twenty-seven (727) days. Even assuming the possible accrual dates for Appellants' claims found by the trial court, the application of this tolling period would render both of their claims timely filed on October 29, 2021. . . .

The trial court erred in failing to apply Indiana Code § 34-7-6-3, which mandates a non-discretionary tolling of time limitations during declared emergencies caused by pestilence. This statute represents a valid exercise of the Legislature's constitutional authority to enact and modify statutes of limitations. The application of this statute would render Appellants' claims timely filed.

Appellants' Br. at 19-20. We do not agree.

First, Indiana Code chapter 34-7-6 only applies to proceedings "pending before a court" at the time an emergency exists or arises. Ind. Code § 34-7-6-1. And because Futa and Denunzio were not parties to a pending proceeding until they filed their complaint, Indiana Code section 34-7-6-3 does not have any tolling effect on the applicable statute of limitations. Second, Indiana Code section 34-7-6-5 provides that "[t]he supreme court may regulate all procedures described in this chapter by rules." Thus, even assuming for the sake of argument that chapter 34-7-6 applies here, it is the Supreme Court's order tolling statutes of limitation from March 23, 2020, to August 14, 2020, due to the COVID-19 emergency that applies in this case, not the Governor's general emergency declaration.

[13] The trial court thus did not err when it found that the statute of limitations applicable to Futa and Denunzio's complaint was not tolled by the Governor's emergency declaration but only by the specific terms of our Supreme Court's order.[3]

**Discovery Rule**

[14] In the alternative, Futa and Denunzio argue that the designated evidence establishes a genuine issue of material fact regarding when their claims accrued under the discovery rule.[4] "The discovery rule presents a limited exception to the requirement that a party must file suit within the statutory period." *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 689 (Ind. Ct. App. 2006). "Under Indiana's discovery rule, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury has been sustained as a result of the tortious act of another." *Chmiel v. US Bank Nat'l Ass'n*, 109 N.E.3d 398, 408 (Ind. Ct. App. 2018).

---

[3] We note that Futa and Denunzio also argue that our Supreme Court's order granting emergency relief to St. Joseph County on March 18, 2020, means that the statute of limitations for their claims was tolled for 151 days, not 144 days as found by the trial court. But even assuming, without deciding, that the statute of limitations was tolled for 151 days, their complaint was still time-barred. Accordingly, we need not address this issue on appeal.

[4] We note that Futa and Denunzio do not include a single citation to the designated evidence in the Argument section of their brief, which violates Indiana Appellate Rule 46(A)(8)(a). In any event, in the Facts section of their brief, they cite four pages of the Appendix relevant to the issues raised in the Argument section, so we are able to consider the designated evidence. We urge Appellants' counsel to comply with this important rule in the future.

Indiana courts have held that the discovery rule does not mandate that plaintiffs know with precision the legal injury that has been suffered, but merely anticipates that a plaintiff be possessed of sufficient information to cause him to inquire further in order to determine whether a legal wrong has occurred . . . . As such, a plaintiff has a duty under the discovery rule to exercise reasonable diligence to discover the negligent acts or omissions. The exercise of reasonable diligence means simply that an injured party must act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist.

*Bambi's Roofing, Inc. v. Moriarty*, 859 N.E.2d 347, 356 (Ind. Ct. App. 2006) (citations and footnote omitted).

[15]    Futa and Denunzio assert that they

reported their concerns to school officials, which led them—and would lead any reasonable person—to believe proper channels were being followed. Accordingly, a question of fact exists as to whether they should have recognized a cognizable legal claim could exist beyond that. When a reasonable person takes steps to address their concerns through established channels, this may reasonably delay their discovery that they have a legal claim. Investigations by DCS and the Archdiocese continued well after the Appellants' graduations with the Appellants not receiving any information that those investigations concluded.

Appellants' Br. at 22. In short, Futa and Denunzio allege that they had no reason to believe that they needed to file a complaint to protect their rights in

light of the investigations underway by DCS and the Diocese. They are incorrect.

[16] Each of the injuries alleged to have been suffered by Futa and Denunzio occurred with their full knowledge and by their respective graduation dates, at the latest. The fact that DCS and the Diocese undertook their own investigations of the allegations has no bearing on whether Futa and Denunzio had discovered the alleged negligent acts and omissions by SJHS. There remain no genuine issues of material fact on the discovery rule theory and SJHS is entitled to judgment as a matter of law on that theory of recovery.

## Continuing Wrong

[17] Futa and Denunzio also contend that the doctrine of continuing wrong applies and renders their complaint timely filed.

> "The doctrine of continuing wrong applies where an entire course of conduct combines to produce an injury." *Gradus-Pizlo v. Acton*, 964 N.E.2d 865, 871 (Ind. Ct. App. 2012). When the doctrine is applicable, the limitations period begins to run at the end of the continuing wrongful act. *Id.* In order for the doctrine to apply, the plaintiff must demonstrate that the alleged injury-producing conduct was of a continuous nature. *Id.* However, "the doctrine of continuing wrong will not prevent the statute of limitations from beginning to run when the plaintiff learns of facts which should lead to the discovery of his cause of action even if his relationship with the tortfeasor continues beyond that point." *Fox v. Rice*, 936 N.E.2d 316, 322 (Ind. Ct. App. 2010) (quoting *C & E Corp. v. Ramco Indus., Inc.*, 717 N.E.2d 642, 645 (Ind. Ct. App. 1999)), *trans. denied* (2011).

*Chariton v. City of Hammond*, 146 N.E.3d 927, 935-36 (Ind. Ct. App. 2020), *trans. denied*.

[18] In their memorandum in opposition to summary judgment, Futa and Denunzio alleged, without citation to designated evidence, that

> [t]he Defendants' acts and omissions related to the continuous acts of Defendants to, among other things, conceal wrongdoing of Defendants, continue the wrongdoing, and support the wrongdoing, and damages sustained by Plaintiffs, are a continuous course of conduct, not a single act, which has combined to produce continuous injuries that would have ceased only after all the investigations were completed.

Appellants' App. Vol. 3, p. 132. On appeal, again without citation to any designated evidence, they suggest that they sustained injuries as a result of SJHS's "failure to inform" them of the DCS investigation, the Diocese's investigation, or their rights under Title IX. Appellants' Br. at 24.

[19] However, and notably, Futa and Denunzio's thirty-nine-page complaint is silent regarding specific injuries they allegedly sustained post-graduation. Indeed, their complaint *expressly states* that they were active members of the junior varsity and varsity volleyball teams "[a]t all times relevant" to "all counts" set out in the complaint. *See* Appellants' App. Vol. 2, p. 43. Thus, the trial court correctly found that there remain no genuine issues of material fact regarding the doctrine of continuing wrong.

## Fraudulent Concealment

[20] Futa and Denunzio also contend that the doctrine of fraudulent concealment applies and precludes summary judgment. As our Supreme Court has explained:

> "Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant . . . 'has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999) (quoting *Fager v. Hundt*, 610 N.E.2d 246, 251 (Ind. 1993)). In such cases, equity will toll the commencement of the applicable time limitation until such time as the plaintiff discovers, or in the exercise of ordinary diligence should discover, the existence of the cause of action. *Id.* The plaintiff then has "a reasonable amount of time" after that date to file his complaint.[] *Alldredge v. Good Samaritan Home, Inc.*, 9 N.E.3d 1257, 1261 (Ind. 2014) (quoting *Shults-Lewis Child & Family Servs.*, 718 N.E.2d at 745).

> The genus fraudulent concealment comprises two species: active and passive. *Hughes v. Glaese*, 659 N.E.2d 516, 519 (Ind. 1995).

> 1. Active Fraudulent Concealment

> Active fraudulent concealment requires a showing that the defendant (1) had actual knowledge of the alleged wrongful act and (2) intentionally concealed it from the plaintiff (3) by making some statement or taking some action "calculated to prevent inquiry or to mislead," *id.* at 522, (4) upon which the plaintiff reasonably relied. *Doe v. United Methodist Church*, 673 N.E.2d 839, 845 (Ind. Ct. App. 1996). . . .

2. Passive Fraudulent Concealment

> Passive fraudulent concealment requires (1) a relationship between the parties such that the defendant has a duty to disclose the alleged wrongful act to the plaintiff and (2) a breach of that duty. *Guy v. Schuldt*, 236 Ind. 101, 109, 138 N.E.2d 891, 895 (1956). The existence of a legal duty "is a question of law for the court." *Benton v. City of Oakland City*, 721 N.E.2d 224, 232 (Ind. 1999).

*Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260-61 (Ind. 2014).

[21] Futa and Denunzio allege active fraudulent concealment based on their allegations that SJHS

> concealed facts [that] were material to Appellants' ability to discover their causes of action. Without knowledge of the status and findings of investigations, Appellants could be found to have not been able to determine whether Appellees had taken appropriate action in response to their complaints. Without knowledge of Title IX procedures and their rights, Appellants were unable to determine whether they had viable claims under Title IX.

Appellants' Br. at 27. But Futa and Denunzio do not direct us to any designated evidence to support even an inference that SJHS made statements or took any actions that were "calculated to prevent inquiry or to mislead" them. *See Lyons*, at 19 N.E.3d at 261. Thus, they have not shown that genuine issues of material fact remain concerning their claims of active fraudulent concealment.

[22] As for passive fraudulent concealment, Futa and Denunzio make a bare assertion, without any citation to legal authority or the appendix on appeal, that

SJHS had a duty to keep them informed of investigations and to advise them of their rights under Title IX. Without more, they have not shown that genuine issues of material fact remain concerning their claims of passive fraudulent concealment. *See, e.g.*, *id.* (holding no passive fraudulent concealment shown where appellants did not cite any law showing the requisite duty). SJHS is therefore entitled to judgment as a matter of law on the theory of fraudulent concealment.

## Conclusion

[23] For all these reasons, the trial court did not err when it found that Futa and Denunzio's complaint was time-barred and entered summary judgment for SJHS.

[24] Affirmed.

May, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANTS

Brandon E. Tate
Katherine A. Piscione
Waldron Tate Land LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES DIOCESE OF FORT WAYNE-SOUTH BEND, INC., SAINT JOSEPH HIGH SCHOOL, JOHN KENNEDY, AND DEBRA BROWN

Lyle R. Hardman
Hunt Suedhoff Kearney, LLP
South Bend, Indiana

Robert T. Keen Jr.
Barrett McNagny LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE JUSTIN COCHRAN

Kenneth E. Biggins, Jr.
Jeremy J. McDonald
Lee and Zalas, P.C.
South Bend, Indiana